### 44791. MESSER v. THE STATE.

QUILLIAN, Judge. The defendant was convicted of assault with intent to murder. She filed an appeal and the case is here for review. *Held:*

1. The first four enumerations of error complain that the trial judge erred in failing to grant the defendant's motion to suppress. The defendant contends that certain articles which were obtained by law enforcement officers should not have been allowed in evidence because they were acquired without a search warrant. However, the evidence revealed that the defendant's husband gave the officers permission to search his house where the articles were found. The husband, who

was head of the household, having given his permission for the search, the overruling of the motion was not error. *Tolbert v. State,* 224 Ga. 291, 294 (161 SE2d 279).

2. Enumerations of error 5, 6 and 7 contend that the evidence was not sufficient to support the verdict. The evidence revealed: that the defendant beat her female stepchild, aged 13, with boards approximately ¾ inches thick and two inches wide and about two feet in length; that the beatings occurred almost every day for three to four months; that the defendant also stuck approximately four needles in the child one of which broke off and could not be removed; that the defendant pushed the child down and stomped her to the point where she did not remember going to bed that night; that as a result of the beatings the child was required to have extensive medical treatment.

"There are wanton or reckless states of mind which are sometimes the equivalent of a specific intention to kill, and which may and should be treated by the jury as amounting to such intention when productive of violence likely to result in the destruction of life, though not so resulting in the given instance." *Gallery v. State,* 92 Ga. 463 (2) (17 SE 863). See *Mundy v. State,* 59 Ga. App. 509 (1 SE2d 605); *Reece v. State,* 60 Ga. App. 195 (1) (3 SE2d 229). See also cases cited in *Biegun v. State,* 206 Ga. 618, 630 (58 SE2d 149). The evidence was sufficient to support the verdict.

3. Enumeration of error 8 complains that the trial judge erred in failing to strike the testimony of "Dr. Floyd W. Morgan relating to a needle being in the hip of Jan Messer," the defendant's stepdaughter. The stepdaughter testified without objection as to the presence of the needle in her hip. Therefore even if the admission of the doctor's testimony was erroneous it was harmless. *Patterson v. State,* 17 Ga. App. 341 (2) (86 SE 782); *Farmer v. State,* 94 Ga. App. 475 (1a) (95 SE2d 321).

4. Enumeration of error 9 assigns as error the refusal of the court to give the following request to charge: "I charge you that the criminal laws are to be strictly construed against the prosecution and if two reasonable interpretations may be made of a criminal statute, one of which is consistent with the guilt of the defendant and one of which is consistent with his innocence, it would be your duty to so interpret said law that the defendant would be found not guilty." While

it is true that the criminal laws are to be strictly construed this construction is to be made by the court and not the jury. *Wood v. State,* 68 Ga. App. 43 (21 SE2d 915).

5. The remaining enumerations of error are without merit.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*

ARGUED OCTOBER 8, 1969—DECIDED NOVEMBER 7, 1969—REHEARING DENIED DECEMBER 2, 1969—

*William W. Daniel,* for appellant.
*John T. Perren, District Attorney,* for appellee.