## A91A0089. COLLINS v. THE STATE.
### (405 SE2d 892)

POPE, Judge.
Defendant Demetrius Collins appeals his convictions of aggravated assault and possession of a firearm during the commission of a

felony on the general grounds. The evidence at trial showed defendant pointed a pistol at the victim, stated "I've got something for you," and pulled the trigger. A bullet penetrated the victim's neck, inflicting a life-threatening injury. Defendant argues that because no evidence of his intent to injure the victim was presented and because he testified he was only joking when he pointed a pistol at the victim, and did not realize it was loaded, the evidence is insufficient to convict him.

Intent to injure is not an element of aggravated assault with a deadly weapon. In describing the distinction between the misdemeanor offense of pointing a firearm at another (OCGA § 16-11-102) and aggravated assault with a deadly weapon (OCGA § 16-5-21 (a) (2)), the Georgia Supreme Court declared, "if the pointing of the firearm placed the victim in reasonable apprehension of immediate violent injury, the felony of aggravated assault has occurred." *Rhodes v. State*, 257 Ga. 368, 370 (5) (359 SE2d 670) (1987). "A simple assault is defined as . . . an act which places another in reasonable apprehension of immediately receiving a violent injury. [OCGA § 16-5-20 (a) (2).] An assault becomes aggravated when it is perpetrated . . . by use of a deadly weapon. [OCGA § 16-5-21 (a) (2).] Thus, 'Aggravated assault with a deadly weapon is completed when a simple assault is committed by means of a deadly weapon,' *Scott v. State*, 141 Ga. App. 848, 849 (234 SE2d 685) (1977). . . ." *Tuggle v. State*, 145 Ga. App. 603, 604 (1) (244 SE2d 131) (1978). It is the reasonable apprehension of harm by the victim of an assault by a firearm that establishes the crime of aggravated assault, not the assailant's intent to injure. See *Adsitt v. State*, 248 Ga. 237 (6) (282 SE2d 305) (1981).

In this case, the victim testified he was scared when the defendant pointed the gun at him. The transcript shows the State presented evidence of all the elements of aggravated assault by a deadly weapon, as defined by OCGA § 16-5-21 (a) (2), and thus the evidence was sufficient to convict defendant of that offense and the offense of possession of a firearm during the commission of a felony.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MAY 8, 1991.

*James W. Hall, Jr.*, for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.