S91A0803. KNOX v. THE STATE.
(404 SE2d 269)

SMITH, Presiding Justice.

The appellant, Sammy Lee Knox, was convicted of murder; felony-murder; three counts of aggravated assault; misdemeanor possession of cocaine; possession of less than one ounce of marijuana; carrying a concealed weapon, and carrying a pistol without a license, in connection with the events surrounding the shooting death of Michael A. Buchanan.[1] We affirm.

On January 22, 1990, the victim was shot and killed outside the apartment of the appellant's ex-wife. As the victim was leaving the apartment, three eyewitnesses saw the appellant approach the victim and begin an argument with him. When the victim entered his automobile, the appellant pulled an automatic pistol and fired five shots, three of which struck the victim. Any one of the wounds was sufficient to cause the death of the victim. The victim was unarmed and an eyewitness testified that although the appellant was cursing him, the victim made no verbal threats to the appellant nor any menacing gestures.

A security guard at the apartment complex drove into the parking lot and saw the shooting. The appellant pointed the gun at the guard, then proceeded down a stairway leading to his ex-wife's apartment. The officer then heard three more shots fired, after which the

---

[1] The crimes were committed on January 22, 1990. The Fulton County jury returned its verdict of guilty on April 5, 1990. A motion for new trial was filed on May 3, 1990. A memorandum of law in support of the motion for new trial and raising additional grounds was filed on July 24, 1990. The motion was denied on August 17, 1990. Notice of Appeal was filed on September 10, 1990. The transcript of evidence was received and the record was docketed in this Court on March 18, 1991. The case was argued on May 7, 1991.

appellant reappeared, again pointing the gun at the officer, and demanded that the officer get out of his vehicle. After the officer complied, the appellant escaped through some trees to another part of the complex, entered his vehicle and fled. Several other witnesses, as well as the eyewitnesses to the shooting, stated that they saw the appellant run away rapidly and that he had no noticeable limp. Another witness testified that they observed the appellant emerge from the trees without a limp, compose himself, casually approach his vehicle, enter it, and drive off.

Shortly after the shooting, the appellant surrendered to a police officer on Georgia Highway 400. A search of the appellant's vehicle produced a container of marijuana. Blood and urine samples taken from the appellant contained cocaine and marijuana metabolites.

The appellant contends that, during their confrontation, the victim had cursed and threatened him. When the victim reached his vehicle and made a sudden move to reach under the seat, the appellant claims he shot in self-defense. The appellant also alleges that he did not point the weapon at the security guard but only waved him off, and that the shots into his former wife's apartment were brought about by his stumbling down the stairs, injuring his leg and causing the pistol to accidentally fire.

1. The appellant's contention that the evidence does not support the findings of guilt by the jury is without merit. The evidence presented was sufficient to satisfy the requirements of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court did not err in rejecting the appellant's self-defense claims and convicting the appellant of felony-murder and malice murder. At trial, the appellant testified that he shot the victim in self-defense after the victim threatened him and made a menacing movement. The appellant now asserts that the evidence presented by the State did not establish that he acted with the necessary intent to be convicted of felony-murder or malice murder.

The eyewitness accounts of the shooting and the appellant's statements to the police support the jury verdict. Three witnesses testified that they saw the appellant approach the victim, begin an argument with the victim, and curse him. When the victim attempted to enter his automobile and leave, the witnesses stated they saw the appellant pull a pistol from behind his back and shoot the victim.

Later, while being transported to jail after being arrested and given *Miranda* warnings, the appellant made certain incriminating statements. The transporting officer testified that the appellant spontaneously stated that because his ex-wife, "kept throwing [the victim] up in his face" he, "just snapped" and "got his gun and shot the victim." The officer further testified that, at that time, the appellant made no statements that he acted in self-defense or that the shooting

was an accident.

3. The appellant claims that he lacked the requisite criminal intent to be convicted of the three counts of aggravated assault. We disagree. "The offense of aggravated assault has two essential elements: (1) that an assault, as defined in OCGA § 16-5-20 be committed on the victim; and (2) that it was aggravated by (a) an intention to murder, rape, or to rob, or (b) use of a deadly weapon." *Harper v. State*, 127 Ga. App. 359 (193 SE2d 259) (1972). OCGA § 16-5-20 states:

> (a) A person commits the offense of simple assault when he either:
> (1) Attempts to commit a violent injury to the person of another; or
> (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury.

Based on the above case and statutory law and the evidence discussed in Division 2 of this opinion, the jury was authorized to convict the appellant of the aggravated assault against the victim.

Similarly, the evidence is sufficient to justify appellant's conviction of aggravated assault against the security guard. The guard testified that the appellant twice pointed a pistol at him that he had just seen the appellant fire five times at the victim.

Finally, the appellant asserts that he did not intend to assault his ex-wife, but rather, in the confusion after the victim was shot, he stumbled down the stairs leading to the ex-wife's apartment, injuring his leg and causing him to accidentally fire into her door.

Based upon witness accounts of the appellant's physical movements before and after the shots were fired into the apartment, the appellant's admission to firing the shots, his statements as to where he was located when the shots were fired, and expert testimony refuting the feasibility of the appellant firing accidentally into the apartment door from his stated location, the jury was authorized to reject the appellant's claim of accident.

4. The trial court did not err in denying appellant's claim of ineffective assistance of counsel. He made his claim through a Memorandum of Law and Amended Motion for New Trial filed on July 24, 1990. A hearing on that motion was held on July 31, 1990. The motion was denied by order on August 15, 1990. Implicit in that order was the trial court's determination that trial counsel was effective. Upon review of the record, we find no reversible error.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 23, 1991.

*Daniel E. Gavrin,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. Andrew Weathers, Carl P. Greenberg, Assistant District Attorneys, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.