## A92A1162. TURNER v. THE STATE.
### (423 SE2d 439)

ANDREWS, Judge.

Turner was tried and convicted of four counts of aggravated assault, one count of criminal damage to property and one count of possession of a firearm during the commission of a crime and appeals.

Viewing the evidence in the light most favorable to the verdict, it was that on April 7, 1991, Turner fired a handgun out the window of his vehicle while he was driving down the expressway. The people in the vehicle at which Turner fired were Rashaed Williams, Tabitha Birdsong, Deshunda Zotalis and Kenny Bailey. All four of the occupants of the vehicle testified at trial. Testimony was that Tabitha Birdsong and Kenny Bailey saw that Turner had a gun and alerted the other passengers. All four of the occupants of the vehicle ducked down and the driver "hit the accelerator." They exited the interstate at the first opportunity and immediately reported the shooting to police officers.

In his sole enumeration of error, Turner claims that under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was insufficient for conviction. He argues that although the evidence showed that he fired a pistol at the automobile, there was no evidence that he intended to shoot the occupants of the vehicle and that in the absence of evidence of this intent to injure, there was no basis for the convictions for aggravated assault.

"Intent to injure is not an element of aggravated assault with a deadly weapon. In describing the difference between the misdemeanor offense of pointing a firearm at another (OCGA § 16-11-102) and aggravated assault with a deadly weapon (OCGA § 16-5-21 (a) (2)), the Georgia Supreme Court declared, if the pointing of the firearm placed the victim in reasonable apprehension of immediate violent injury, the felony of aggravated assault has occurred. A simple assault is defined as an act which places another in reasonable apprehension of immediately receiving a violent injury. An assault becomes aggravated when it is perpetrated by use of a deadly weapon. Thus, aggravated

assault with a deadly weapon is completed when a simple assault is committed by means of a deadly weapon. It is the reasonable apprehension of harm by the victim of an assault by a firearm that establishes the crime of aggravated assault, not the assailant's intent to injure." (Citations and punctuation omitted.) *Collins v. State*, 199 Ga. App. 676, 677 (405 SE2d 892) (1991).

Here, "[t]he transcript shows the State presented evidence of all the elements of aggravated assault by a deadly weapon, as defined by OCGA § 16-5-21 (a) (2), and thus the evidence was sufficient to convict defendant of that offense and the offense of possession of a firearm during the commission of a felony." *Collins*, supra at 677; see generally *Cline v. State*, 199 Ga. App. 532 (405 SE2d 524) (1991). Accordingly, we find that the evidence was sufficient to convict the defendant of the offenses of aggravated assault, the offense of criminal damage to property, and the offense of possession of a firearm during the commission of a crime.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 7, 1992.

*John H. Tarpley*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, Jeffrey H. Brickman, Elisabeth G. MacNamara, Assistant District Attorneys*, for appellee.