## A92A1676. WILLIAMS v. THE STATE.
(427 SE2d 846)

COOPER, Judge.

Appellant was convicted of kidnapping, aggravated assault (two counts) and possession of a firearm during the commission of a crime (three counts). He appeals from the entry of judgment on his conviction and sentence.

The evidence, viewed in a light to support the verdict, shows that appellant went to the home of his wife's parents in Mayday, Georgia to speak to his wife, Sylvia Williams ("Mrs. Williams"), from whom he had been separated for a week. Mrs. Williams agreed to speak with appellant on the porch. In the course of the conversation, she informed appellant that she was not returning home with him to Quitman, Georgia. Appellant then grabbed her by the arms and dragged her to his car. Mrs. Williams' sister saw Mrs. Williams being dragged to the car and called out to her father, "Art's taking Sylvia." The father, sister and brother ran out of the house and attempted to prevent appellant from putting Mrs. Williams in his car and carrying her away. During the struggle, appellant's co-defendant, who was seated in the car, produced a pistol and pointed it at Mrs. Williams' brother, Willie Ferrell. Ferrell moved away from the car, and the co-defendant began backing the car out of the driveway. As the car eased slowly down the driveway, Ferrell threw a tire rim at the car which broke the windshield. Appellant then pointed the weapon at Ferrell and his father as the car exited the driveway. Shortly thereafter, appellant switched places in the car with the co-defendant and drove Mrs. Williams back to Quitman.

1. In his first enumeration of error, appellant contends the trial court erred in restricting defense counsel from inquiring, on cross-examination, about Mrs. Williams' relationship with another man, which the defense contends was the cause of the separation. " 'Every party has the right to a thorough and sifting cross-examination of the witnesses called against him. OCGA § 24-9-64. However, the trial

court may restrict the scope of the cross-examination to matters relevant to the issues being tried, and the results of the exercise of that discretion will not be interfered with on appellate review unless the discretion was manifestly abused. (Cits.)' [Cit.]" *Walker v. State*, 198 Ga. App. 422, 423 (1) (401 SE2d 613) (1991). During the trial, the State objected to the inquiry on relevancy grounds. Appellant argued that part of his defense was that he and Mrs. Williams were embroiled in a domestic dispute and the evidence elicited would demonstrate that the charges made against appellant were part of a scheme by Mrs. Williams' family to break up the marriage and allow another man to get closer to Mrs. Williams. The trial court sustained the objection on relevancy grounds and also held that appellant failed to demonstrate the other man's part in the alleged scheme. However, the court allowed appellant to present evidence establishing that Mrs. Williams' sister and brother called the police. We agree with the trial court's determination that "domestic dispute" is not a defense for appellant's alleged actions. Therefore, the alleged cause of the Williamses' separation was not relevant to the issues before the jury. Hence, we find no abuse of discretion.

2. Appellant also contends the trial court erred in denying his motion for directed verdict as to the charges of kidnapping and aggravated assault. " '(A) motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law.' [Cit.]" *Whatley v. State*, 196 Ga. App. 73, 76 (3) (395 SE2d 582) (1990). Appellant argues that there was no evidence of kidnapping because Mrs. Williams did not scream or try to resist appellant. "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such a person against his will." OCGA § 16-5-40 (a). Mrs. Williams testified that she was forcibly taken from the steps of her parents' residence; that she asked appellant to let her go; and that she was taken to Quitman against her will. Accordingly, the evidence was sufficient to permit a rational trier of fact to find appellant guilty of kidnapping beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Relying on OCGA § 16-5-21 (a) (1), appellant also argues that the State failed to establish that appellant had the intent to murder, rape or rob; therefore, there was insufficient evidence in support of his aggravated assault convictions. "[T]he Georgia Supreme Court declared, 'if the pointing of [a] firearm place[s] the victim in reasonable apprehension of immediate violent injury, the felony of aggravated assault has occurred.' [Cit.] . . . It is the reasonable apprehension of harm by the victim of an assault by a firearm that establishes the crime of aggravated assault, not the assailant's intent to injure. [Cit.]" *Collins*

*v. State*, 199 Ga. App. 676, 677 (405 SE2d 892) (1991). Both Ferrell and his father testified that they were frightened when appellant pointed the gun at them; thus, the State sufficiently established the elements of aggravated assault (OCGA § 16-5-21 (a) (2)), and the evidence was sufficient to allow a rational trier of fact to find appellant guilty of aggravated assault against both victims beyond a reasonable doubt. *Jackson v. Virginia*, supra; *Collins v. State*, supra.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 17, 1993.

*Edwards & Edwards, H. B. Edwards III*, for appellant.

*H. Lamar Cole, District Attorney, Robert T. Gilchrist, Assistant District Attorney*, for appellee.