A92A2235. WILLIAMS v. THE STATE.
(430 SE2d 157)

BIRDSONG, Presiding Judge.

Appellant John Henry Williams appeals his judgment of conviction of aggravated assault and possession of a firearm during commission of a crime, and the sentence. His sole enumeration of error is insufficiency of the evidence.

Appellant in essence asserts that because the victim and an eyewitness testified the victim held his ground while being shot at three or four times, and because the bullets missed the victim although fired at very close range, this testimony precludes the State from establishing appellant had an intent to injure the victim. Appellant also asserts that because of this evidence the State failed to establish the victim was in any apprehension of receiving injury. The evidence establishes that appellant fired three or four times at the victim and the bullets passed on either side of the victim and did not strike him; during this time, the victim held his ground and continued to argue with appellant. The victim testified that appellant pulled the gun out, pointed it at him, and shot at him; he was aware a bullet could inflict great bodily injury upon him; and at the time of the incident, the victim did not know what to think regarding whether appellant intentionally was trying to shoot him or just to shoot by him. The eyewitness, who continued to pump gas into his car during the incident, testified he was so scared that he left the soft drink he had purchased at the store when he departed; he believes appellant was trying to scare

the victim who did not appear to be afraid of him. *Held*:

" 'The offense of aggravated assault has two essential elements: (1) that an *assault, as defined in OCGA § 16-5-20* be committed on the victim; *and* (2) that it was aggravated by (a) an intention to murder, rape, or to rob, *or* (b) use of a deadly weapon.' [Cit.] OCGA § 16-5-20 states: (a) a person commits the offense of *simple assault* when he *either*: (1) Attempts to commit a violent injury to the person of another; *or* (2) Commits an *act* which places another in *reasonable apprehension* of immediately receiving a violent injury." (Emphasis supplied.) *Knox v. State*, 261 Ga. 272, 274 (3) (404 SE2d 269).

Appellant was indicted, inter alia, on a count of aggravated assault with a deadly weapon, which averred that he did "wilfully *make* an assault upon the person [of the victim] with a certain handgun, same being a deadly weapon. Said *act* did take place . . . in Thomasville, Georgia." (Emphasis supplied.)

Pretermitting whether the indictment could be construed to include an averment of a simple assault by an attempt to commit violent injury is that the averment adequately includes the averment of an assault upon the victim by the *act* of using a handgun.

The state of mind of either a perpetrator or a victim, including whether a victim has been placed under reasonable apprehension of injury or fear from an event, *when in issue* may be proved by indirect or circumstantial evidence. See generally OCGA § 24-1-1 (4); see *Conklin v. State*, 254 Ga. 558, 564 (1b) (331 SE2d 532). Likewise, intent can be so proven. *Davis v. State*, 53 Ga. App. 325, 326-327 (185 SE 400).

"Intent to injure is not an element of aggravated assault with a deadly weapon. In describing the distinction between the misdemeanor offense of pointing a firearm at another (OCGA § 16-11-102) and aggravated assault with a deadly weapon (OCGA § 16-5-21 (a) (2)), the Georgia Supreme Court declared, 'if the pointing of the firearm placed the victim in reasonable apprehension of immediate violent injury, the felony of aggravated assault has occurred.' *Rhodes v. State*, 257 Ga. 368, 370 (5) (359 SE2d 670) (1987). 'A simple assault is defined as . . . an act which places another in reasonable apprehension of immediately receiving a violent injury. (OCGA § 16-5-20 (a) (2).) An assault becomes aggravated when it is perpetrated . . . by use of a deadly weapon. (OCGA § 16-5-21 (a) (2).) Thus, "Aggravated assault with a deadly weapon is completed when a *simple assault* is committed by means of a deadly weapon," *Scott v. State*, 141 Ga. App. 848, 849 (234 SE2d 685) (1977). . . .' *Tuggle v. State*, 145 Ga. App. 603, 604 (1) (244 SE2d 131) (1978). It is *the reasonable apprehension of harm* by the victim of an assault by a firearm that establishes the crime of aggravated assault, not the assailant's intent to injure." (Emphasis supplied.) *Collins v. State*, 199 Ga. App. 676, 677

(405 SE2d 892); accord *Turner v. State*, 205 Ga. App. 745 (423 SE2d 439); but compare *Cline v. State*, 199 Ga. App. 532 (405 SE2d 524) (only a general intent and not a specific intent to injure is required for aggravated assault) and *Peterson v. State*, 204 Ga. App. 532 (1) (419 SE2d 757).

In this case, the trial court charged the jury that "to constitute an assault in this state, actual injury to the other person need not be shown. It is only necessary that the evidence show beyond a reasonable doubt an intention to commit injury on another person coupled with the apparent ability to commit that injury and that the other person was placed in reasonable apprehension of immediately receiving a violent injury. . . . Now a person commits the offense of aggravated assault when he assaults another person with a deadly weapon." As appellant took no exception to this charge, has asserted no charging error on appeal, and as the charge is favorable to him, we need not and do not address its accuracy. Suffice it to say, the trial court placed both the issues of intent of appellant and state of mind of the victim in the hands of the jury, and they found appellant guilty as charged.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of aggravated assault and of possession of a firearm during the commission of a crime of which he was found guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); compare *Holbrook v. State*, 168 Ga. App. 380, 381 (2) (308 SE2d 869).

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED MARCH 18, 1993.

John G. Runyan, for appellant.
H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney, for appellee.