## A94A0626. KING v. THE STATE.
(444 SE2d 381)

McMURRAY, Presiding Judge.

Defendant Ralph Lee King, a/k/a Gregory Leonard Bately, was indicted for two counts of aggravated assault in that, along with two co-indictees, he did "make an assault upon the person of" the victim "with the intent to rob" her. After the jury found him guilty as charged on Count 1, an order of nolle prosequi was entered as to the second count. Defendant brings this timely direct appeal from the judgment of conviction and sentence entered on the jury's verdict. In his sole enumeration of error, defendant urges the general grounds.

" ' "The offense of aggravated assault has two essential elements: (1) that an *assault, as defined in OCGA § 16-5-20* be committed on the victim; *and* (2) that it was aggravated by (a) an intention to murder, rape, or to rob, *or* (b) use of a deadly weapon." (Cit.) OCGA § 16-5-20[, in pertinent part,] states: (a) a person commits the offense of *simple assault* when he *either*: (1) Attempts to commit a violent injury to the person of another; *or* (2) Commits an *act* which places another in *reasonable apprehension* of immediately receiving a violent injury.' (Emphasis supplied.) *Knox v. State*, 261 Ga. 272, 274 (3) (404 SE2d 269)." *Williams v. State*, 208 Ga. App. 12, 13 (430 SE2d 157). The following evidence was adduced at trial: The victim was the night attendant at a convenience store in Clayton County, Georgia. She identified defendant as one of two males that she had noticed lingering in the store for more than twenty minutes around 11:30 p.m. on the night of the incident. She was certain of her identification of defendant because of his noticeably maloccluded or missing teeth. She observed that defendant and a freckled-faced companion, subsequently identified as co-indictee Charlie Lewis Beasley, were shoplifting in the area of the store where cigarettes and automotive supplies were displayed. She heard a heavy metal against metal "clink" from that area of the store as defendant reached into coolers where cans of beer and soda were stored. When both men subsequently approached the counter, defendant was masking his hand with a newspaper and she feared that he was hiding a gun. As the store would empty of other customers, "he'd put his hand back in there, put the paper back like this, and come towards me." The victim "was frightened beyond belief." Beasley, the defendant's companion, sought to distract her by asking the victim to turn around and hand him a requested item that the victim knew was not displayed behind her. Beasley left the store when the victim refused to respond to him. Defendant "just went on stuffing things in his pockets." He walked past the checkout counter as if to leave, then paused and said to the victim "I want your rings and I want the cash out of both your drawers." The victim tried unsuccessfully to remove her rings. As she tried to get the cash drawers

open, "[t]wo headlights came in from off of Pointe South Road. The people that were sitting in the car with him started flashing the lights" and defendant left. On cross-examination, the victim agreed that she "never saw an entire gun" but saw what she "thought was the barrel of something silver or metallic" as the defendant "was standing in front of my counter." No gun was ever discovered. After his arrest that evening, defendant was returned to the convenience store, where the victim identified him. She also identified the cigarettes as coming from her store by scanning the bar code on her cash register. According to the victim, these cigarette cartons were part of a special promotion and only those cartons designated for her location would scan on her register. Defendant took the stand, admitting that he had been in the store that night. He denied attempting to rob the victim by demanding her rings and denied that he demanded the cash from the registers, testifying that "the only thing I did was read a newspaper and stole the cigarettes."

"On appeal the evidence must be viewed in the light most favorable to the verdict, and appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. *Robinson v. State*, 194 Ga. App. 432, 433 (1) (390 SE2d 652)." *Rigenstrup v. State*, 197 Ga. App. 176, 180 (4), 181 (398 SE2d 25). See also *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204). " 'Conflicts in the testimony of the witnesses, including the state's witnesses, is a matter of credibility for the jury to resolve. . . .' *Searcy v. State*, 236 Ga. 789, 790 (225 SE2d 311)." *Fisher v. State*, 151 Ga. App. 93 (258 SE2d 920). Accordingly, the jury in the case sub judice was authorized to believe that defendant approached the victim at the counter with the specific intent to intimidate her by pretending to have a gun hidden beneath the newspaper covering his hand. That act constitutes an assault as defined by OCGA § 16-5-20 (a) (2): any act which places another in reasonable apprehension of immediately receiving a violent injury. " 'In *Thomas v. State*, 99 Ga. 38, 44 (26 SE 748), Justice Atkinson, speaking for the court, said that "there need not be an actual present ability to commit a violent injury upon the person assailed, but if there be such a demonstration of violence, coupled with the apparent ability to inflict the injury, so as to cause the person against whom it is directed reasonably to fear the injury unless he retreat to secure his safety, and under such circumstances he is compelled to retreat to avoid an impending danger, the assault is complete, though the assailant may never have been within actual striking distance of the person assailed." ' " *Reeves v. State*, 128 Ga. App. 750, 751 (2) (197 SE2d 843). Evidence of his intent to rob, in aggravation of the assault, came from proof that defendant entered the convenience store for the purpose of stealing cartons of

cigarettes. The evidence was sufficient to authorize defendant's conviction for aggravated assault as alleged in the indictment beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Woodall v. State*, 159 Ga. App. 832 (285 SE2d 582).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED MAY 23, 1994.

Glenn B. Icard, Jr., for appellant.
Robert E. Keller, District Attorney, Gina C. Naugle, Assistant District Attorney, for appellee.