A94A1260. JORDAN v. THE STATE.
(448 SE2d 917)

BEASLEY, Presiding Judge.

Appellant was convicted of two counts of aggravated assault with a deadly weapon (OCGA § 16-5-21 (a) (2)), one upon Rocky Wright

and the other upon Wright's two-year-old daughter Kenishia. The trial court denied appellant's motion for new trial.

On June 27, 1992, appellant was a visitor at the residence of Veronica Colbert. They had dated for approximately 11 years but had just broken up. He is the father of one of her children. On the evening in question, she had a date with another man. When her date arrived at approximately 8:00 p.m., appellant followed her to the car and prevented her from leaving. He carried her to his apartment against her will, locked the door and refused to open it.

Wright, who was Veronica's sister's boyfriend, appeared at the screen door outside the kitchen and banged on the door. He was holding Kenishia in his arm on his right side. Appellant became upset because Wright was intervening in his personal affairs. He took a semi-automatic handgun and shot through the screen door.

Wright, who was declared a hostile State's witness, testified that when appellant fired the gun, he was approximately one foot away from him, and he could see appellant through the screen although it was dark. When he saw appellant raise his hand with the gun pointed directly at his chest, he stepped back and turned to the right. The bullet entered his left arm, exited, entered his side or back and finally exited his body. Afterward, appellant told Wright that he did not mean to shoot him but was just trying to scare him.

In a statement to police and in his trial testimony, appellant maintained that he shot to the side of Wright, who jumped into the path of the bullet. Appellant also testified that he could see Wright standing outside the screen door but could not see Kenishia.

1. The first question is whether the evidence was sufficient as a matter of law to support a conviction of aggravated assault as to Rocky Wright.

" 'The offense of aggravated assault has two essential elements: (1) that an assault, as defined in OCGA § 16-5-20 be committed on the victim; and (2) that it was aggravated by (a) an intention to murder, rape, or to rob, or (b) use of a deadly weapon.' [Cit.] OCGA § 16-5-20 states: (a) A person commits the offense of simple assault when he either: (1) Attempts to commit a violent injury to the person of another; or (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury." *Knox v. State*, 261 Ga. 272, 274 (3) (404 SE2d 269) (1991). In this instance, the indictment expressly charges subsection (a) (2) of OCGA § 16-5-21, and it does not limit the manner of simple assault to either subsection (a) (1) or (a) (2) of OCGA § 16-5-20. The court charged both types of simple assault, in the alternative, and recharged the jury on this matter upon its request.

Under a subsection (a) (2) simple assault, " '[i]ntent to injure is not an element of aggravated assault with a deadly weapon. In

describing the distinction between the misdemeanor offense of pointing a firearm at another (OCGA § 16-11-102) and aggravated assault with a deadly weapon (OCGA § 16-5-21 (a) (2)), the Georgia Supreme Court declared, "if the pointing of the firearm placed the victim in reasonable apprehension of immediate violent injury, the felony of aggravated assault has occurred." [Cit.]' " *Williams v. State*, 208 Ga. App. 12, 13 (430 SE2d 157) (1993). See also *Collins v. State*, 199 Ga. App. 676, 677 (405 SE2d 892) (1991).

Appellant admitted that he saw Rocky Wright and discharged a firearm in his direction with the intent to scare him. Such an intent is not a defense. Wright saw the weapon in his hand, saw him raise it, and stepped back. The evidence authorized the jury to infer that appellant's act placed Wright in reasonable apprehension of immediately receiving a violent injury. This apprehension was well-founded, as he immediately did receive a violent injury after taking evasive action to avoid being hit. See *Hurt v. State*, 158 Ga. App. 722, 723 (282 SE2d 192) (1981).

2. A separate question is whether the evidence was sufficient as a matter of law to support a conviction of aggravated assault upon Rocky Wright's daughter Kenishia.

Although appellant testified that he did not see the child, the evidence was sufficient to authorize the jury to infer that he did. However, there was no testimony as to whether the child saw appellant pointing the gun in her direction and reacted to it or even understood its significance, or that as a result of the discharge she exhibited fear of becoming injured herself. In most instances, the victim's testimony articulates this element. See, e.g., *Collins*, supra. In this case, however, the child was probably too young to testify at all, even without oath as permitted under OCGA § 24-9-5 (b). She was two years old at the time of the shooting and, although the record does not indicate, may have reached the age of three by the time of trial eleven months later. See *Porter v. State*, 237 Ga. 580, 581 (2) (229 SE2d 384) (1976) (age two years eleven months at incident, three years two months at trial). There is no evidence of whether she could have described her mental state or what she did in these circumstances. Nor was there any other evidence of her physical reaction to defendant's menace or to the shooting. Even if she did not understand the threat initially, when the weapon was pointed, she may have exhibited instinctive fear of immediate harm to herself when defendant discharged the weapon. But no one described her physical or vocal reaction, and the evidence was that Wright walked to her grandmother's house across the street, two houses up, with her still in his arm after he was shot.

The evidence cannot be supplied by conjecture. It is "an essential of the due process guaranteed by the Fourteenth Amendment that no person shall be made to suffer the onus of a criminal conviction ex-

cept upon sufficient proof — defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U. S. 307, 316 (99 SC 2781, 61 LE2d 560) (1979). Our own statute requires "sufficient evidence to satisfy the mind and conscience beyond a reasonable doubt." OCGA § 24-4-5. The state of mind of the child was not proved, although it undoubtedly could have been proved by circumstantial evidence. Proof of "reasonable apprehension of immediately receiving a violent injury" is necessary to sustain a conviction under OCGA § 16-5-20 (a) (2). See, e.g., *Williams v. State*, 208 Ga. App. 12 (430 SE2d 157) (1993); *Turner v. State*, 205 Ga. App. 745 (423 SE2d 439) (1992). The State left a hole in drawing the circle of evidence and as in the circumstances in *Emanuel v. State*, 195 Ga. App. 302, 306 (393 SE2d 74) (1990), Pope, J., dissenting, adopted in 260 Ga. 425 (396 SE2d 225) (1990), "inferences and suggestion are not sufficient to meet the State's burden. . . ."

Now we reach the question of "whether the indictment could be construed to include an averment of a simple assault by an attempt to commit violent injury" under OCGA § 16-5-20 (a) (1), which question was avoided in *Williams*, supra at 13. Here the indictment alleged that defendant "did make an assault on the person of Kenishia Wright Colbert, with a handgun a deadly weapon." This sufficiently charges an assault by way of either manner contained in the simple assault statute, and the court charged the jury on both. Thus we must determine whether, viewing the evidence in the light most favorable to the verdict, it supports a conviction under subsection (1) of OCGA § 16-5-20 (a).

We have found no case where evidence that an attempt to injure one person could sustain a conviction for attempt to injure another person in such close proximity as to be within the immediate range of injury. To attempt is "to make an effort to do, accomplish, solve, or effect." Webster's Third New Intl. Dictionary (Unabridged). Defendant's unsuccessful effort was aimed at the father, according to the evidence, but the child could hardly be disassociated as a target of the attempt. Defendant was aiming at what amounted to both of them, and his deliberate act (attempt to injure, if the jury did not accept his statement that he meant only to scare) can be found to have included an intent to injure those at whom he aimed, even if in his anger he totally ignored the child's presence in the line of fire. The attempt was general, not isolated. Defendant did not exclude the child from the range of fire. Firing a weapon at *both* of them constituted an undifferentiated attempt to injure both, even if defendant's intent was only to injure Wright. " 'There are wanton or reckless states of mind which are sometimes the equivalent of a specific intention to [injure], and which may and should be treated by the jury as amounting to

such intention when productive of violence likely to result in the destruction of life, though not so resulting in the given instance.' [Cits.]" *Messer v. State*, 120 Ga. App. 747, 748 (2) (172 SE2d 194) (1969). The requirement of criminal intent can be satisfied by a showing of criminal negligence on the part of the appellant. *Lewis v. State*, 180 Ga. App. 369, 371 (3) (349 SE2d 257) (1986). For, after all, it is elementary that "[a] 'crime' is a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence." OCGA § 16-2-1. See *Keye v. State*, 136 Ga. App. 707 (1) (222 SE2d 172) (1975); *Collins v. State*, 66 Ga. App. 325, 326 (1) (18 SE2d 24) (1941).

Within these parameters, then, and after viewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that any rational trier of fact could have found the essential elements of the crime (OCGA §§ 16-5-20 (a) (1) and 16-5-21 (a) (2)) beyond a reasonable doubt. *Jackson v. Virginia*, supra.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED SEPTEMBER 9, 1994.

*William T. Hankins III*, for appellant.
Jerry L. Jordan, *pro se.*
*J. Tom Morgan, District Attorney, Robert E. Statham III, J. George Guise, Assistant District Attorneys*, for appellee.