A96A1951. MATTHEWS v. THE STATE.
(481 SE2d 235)

RUFFIN, Judge.

A jury found Hughlon Matthews guilty of two counts each of criminal damage to property and discharge of a gun near a highway and one count each of aggravated assault, possession of a firearm during the commission of a crime, criminal trespass, and possession of a firearm by a convicted felon. Matthews appeals, challenging the sufficiency of the evidence for his convictions of aggravated assault and criminal trespass. For reasons which follow, we affirm Matthews' conviction for aggravated assault and reverse his conviction for criminal trespass.

1. Matthews asserts the evidence was insufficient to support his conviction for aggravated assault because there was no evidence showing he intended to injure the victim. The evidence concerning this offense, viewed in a light to support the verdict, shows that Mike and Melinda Thomas were sitting in their living room one afternoon when they heard a gunshot. Mike Thomas looked out his living room window and noticed that their car, which was parked directly in front of the window, had a window shot out and that shotgun pellets had hit the house immediately beneath the living room window. Mike Thomas testified that if the shot "had been up a little bit more, it'd have went in the house. . . ." The Thomases also saw Matthews and Matthews' two sons sitting in a car stopped in front of the house. According to Melinda Thomas, Matthews was sitting in the driver's side of the car with a shotgun "on his little boy's shoulder, facing — pointing toward me." When Matthews fired another shot out the passenger side of the car, Mike Thomas grabbed Melinda and threw her to the floor. Melinda testified: "I hit the floor when I saw the gun facing my face." She also testified that she was in fear for her life. After the second shot, Matthews drove away, and the Thomases called the police.

Matthews contends that the evidence shows only that he intended to shoot the Thomases' car and that such intent is insufficient to support a conviction for aggravated assault. We disagree. The evidence showed that Matthews assaulted Melinda Thomas with a deadly weapon.

"The offense of aggravated assault has two essential elements: (1) that an assault, as defined in OCGA § 16-5-20 be committed on the victim; and (2) that it was aggravated by . . . use of a deadly weapon." (Citations and punctuation omitted.) *Jordan v. State*, 214 Ga. App. 598, 599 (1) (448 SE2d 917) (1994). A person commits an assault under OCGA § 16-5-20 (a) (2) when the person "[c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." Id. Intent to injure is not an element of aggravated assault with a deadly weapon when the assault element is predicated on OCGA § 16-5-20 (a) (2). Id. "[I]f the pointing of the firearm placed the victim in reasonable apprehension of immediate violent injury, the felony of aggravated assault has occurred." (Citations and punctuation omitted.) Id. at 600. Accordingly, the evidence showing that Matthews pointed the shotgun toward Melinda Thomas and that this caused her to fear for her life was sufficient for a rational trier of fact to find beyond a reasonable doubt that Matthews was guilty of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jordan*, supra.

2. We agree with Matthews, however, that the evidence was insufficient to support his conviction for criminal trespass. Viewed in

a light to support the verdict, the evidence concerning this charge showed that on the same afternoon as the shooting discussed above, Matthews drove by another residence and fired his shotgun at a "Tony Tucker reelection or election billboard sign." A state's witness testified that the sign was not his, but he allowed it to be erected in his yard. The witness stated that after the shooting the sign had a bunch of pellets in it, "[m]aybe 10 or 20." Importantly, the transcript is devoid of any description of the sign or anything indicating its worth.

"A person commits the offense of criminal trespass when he intentionally damages any property of another without his consent and the damage thereto is $500.00 or less. . . ." OCGA § 16-7-21 (a). "This court has held that where there is no evidence as to whether the amount of damage done is more or less than $100 [now $500], no conviction can stand under Code Ann. § 26-1503 (a) [now OCGA § 16-7-21 (a)]. *Fullewellen v. State*, 127 Ga. App. 568, 569 (194 SE2d 275) (1972)." *Johnson v. State*, 156 Ga. App. 411, 413 (2) (274 SE2d 778) (1980). See also *Vaughan v. State*, 210 Ga. App. 381, 384 (4) (436 SE2d 19) (1993) (jury charge on OCGA § 16-7-21 (a) not authorized where there is no proof that damage was $500 or less).

Furthermore, although a jury may draw from their own experience in forming estimates of damage to everyday objects (*Mallory v. State*, 164 Ga. App. 569, 570 (2) (298 SE2d 290) (1982)), the evidence in this case was insufficient to permit any such finding. No one described the sign even generally so as to permit a determination of whether it was a small cardboard yardsign, as is typically found erected around election time, or whether it was a large billboard such as those that are erected along major thoroughfares. As noted in *Jordan*, the state simply "left a hole in drawing the circle of evidence. . . ." *Jordan*, supra at 601. Matthews' conviction for criminal trespass under Count 6 of the indictment is accordingly reversed.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Johnson, J., concur.*

DECIDED JANUARY 30, 1997.

*Anthony E. Cheatham*, for appellant.
*Stephen F. Lanier, District Attorney, Emory B. Thompson, Assistant District Attorney*, for appellee.