## A97A1786. OSBORNE v. THE STATE.
(492 SE2d 732)

RUFFIN, Judge.

A jury found Terrance Osborne guilty of aggravated assault, possession of a firearm during the commission of a crime, and carrying a pistol without a license. Osborne appeals his aggravated assault conviction, arguing that there was insufficient evidence of his intent to injure the victim. For reasons which follow, we affirm.

On appeal, this Court determines evidence sufficiency; we do not weigh the evidence or determine witness credibility. *Davis v. State*, 225 Ga. App. 627 (1) (484 SE2d 655) (1997). "The evidence is sufficient as a matter of law if, when viewed in the light most favorable to the verdict, a rational trier of fact could find all the essential elements of the crimes. *Jackson v. Virginia*, 443 U. S. [307], 319-320 [(99 SC 2781, 61 LE2d 560) (1979)]." *Gable v. State*, 222 Ga. App. 768, 769 (1) (476 SE2d 66) (1996).

Viewed in this light, the evidence shows that Osborne injured J. R., a 15-year-old girl, when she intervened in a dispute that Osborne was having with her brother. J. R. was across the street from Osborne and J. R.'s brother when she noticed they were arguing and intended to physically fight. J. R. saw Osborne place two guns on the ground and then pull a third gun from inside his pants. Osborne pointed the third gun about one inch from the face of J. R.'s brother. At that time, J. R. approached Osborne and her brother in an attempt take the gun away from Osborne. As she approached, J. R. told Osborne, "You ain't going to shoot my brother." When she was one to two feet from Osborne, he fired three shots, one of which struck J. R. in the thigh. J. R. testified that Osborne shot three times towards the ground; however, she could not remember if the bullet from the third shot struck the ground before hitting her thigh. The next State witness, however, testified that Osborne fired the gun once at the ground and then shot J. R. in the thigh.

In addition, the investigating officer read to the jury Osborne's statement regarding the event. In the statement, Osborne declared, "[J. R.] kept walking up on me, trying to get close to my face and I shot one time at the ground. She kept coming. I shot again at the ground. She kept coming. Then I shot again and it hit her in the leg. . . ." Osborne continued, "I was shooting down at the ground telling her to go on. . . . I wasn't trying to hit her. . . . I was just trying to, you know, warn her, tell her to go on because I didn't want to fight or nothing." Osborne also told the investigating officer that he did not mean to shoot J. R. and he was sorry that he had shot her. Finally, in his statement, Osborne agreed with the investigating officer's comment that if a bullet had struck the artery in J. R.'s leg, she could have died. Another State witness, the emergency room

doctor who treated the bullet wound, also testified to the life-threatening nature of the injury. Osborne did not testify or present any evidence at trial.

On appeal, Osborne argues that the State did not prove intent because Osborne "fired the gun at the ground and did not point it at the victim." We disagree. "The offense of aggravated assault [based on OCGA § 16-5-21 (a) (2)] has two essential elements: (1) that an assault, as defined in OCGA § 16-5-20 be committed on the victim; and (2) that it was aggravated by use of a deadly weapon." (Citation and punctuation omitted.) *Matthews v. State*, 224 Ga. App. 407, 408 (1) (481 SE2d 235) (1997). OCGA § 16-5-20 provides that a person may commit assault in two ways.

First, a person commits an assault under OCGA § 16-5-20 (a) (1) when the person "[a]ttempts to commit a violent injury to the person of another." Under this subsection, "[t]he requirement of criminal intent can be satisfied by a showing of criminal negligence on the part of the [defendant]," *Jordan v. State*, 214 Ga. App. 598, 602 (2) (448 SE2d 917) (1994), because "there are wanton or reckless states of mind which are sometimes the equivalent of a specific intention to injure, and which may and should be treated by the jury as amounting to such intention when productive of violence likely to result in the destruction of life, though not so resulting in the given instance." (Citation and punctuation omitted.) Id. at 601-602.

Second, "[a] person commits an assault under OCGA § 16-5-20 (a) (2) when the person commits an act which places another in reasonable apprehension of immediately receiving a violent injury. Intent to injure is not an element of aggravated assault with a deadly weapon when the assault element is predicated on OCGA § 16-5-20 (a) (2)." (Citation and punctuation omitted.) *Matthews*, supra at 408.

Based on *Jordan* and *Matthews*, we conclude that to prove intent the State must show the defendant intended an act, which is productive of violence likely to result in the destruction of life, or which places another in a reasonable apprehension of immediately receiving a violent injury. See also OCGA § 16-2-1. In addition, the State must prove the other essential elements of aggravated assault as alleged in the indictment. *Jordan*, supra.

In this case, the State alleged in the indictment that Osborne "did unlawfully . . . make an assault upon the person of [J. R.], with a handgun, a deadly weapon. . . ." We previously have held that "[t]his sufficiently charges an assault by way of either manner contained in the simple assault statute. . . ." *Jordan*, supra at 601. The State did not present evidence that J. R. was "in reasonable apprehension of immediately receiving a violent injury," pursuant to OCGA § 16-5-20 (a) (2), which does not require that Osborne intend to injure. Nevertheless, the State presented evidence that Osborne,

either with intent to injure or in a criminally negligent manner, attempted to commit a violent injury to J. R., pursuant to OCGA § 16-5-20 (a) (1). See *Jordan,* supra. On appeal, we will not determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence regarding Osborne's intent. See *Royal v. State,* 217 Ga. App. 459, 460 (1) (458 SE2d 366) (1995). Thus, after viewing the evidence in the light most favorable to support the jury's verdict, we conclude that on this record there was sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that Osborne was guilty of aggravated assault. See *Jackson v. Virginia,* supra.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 8, 1997.

Anthony E. Cheatham, for appellant.
Tambra P. Colston, District Attorney, C. Stephen Cox, Assistant District Attorney, for appellee.