## A98A0330. COLE v. THE STATE.
### (502 SE2d 742)

Judge Harold R. Banke.

After Alfred Thomas Cole was convicted of armed robbery and aggravated assault, he received a life sentence.[1] On appeal, he challenges the sufficiency of the evidence on both counts.

This case arose when the victim, a German immigrant employed at Wal-Mart, walked out to the parking lot during her lunch hour to place some items in her car. As she opened the trunk, she noticed a white Jeep Cherokee backing into a nearby parking place. When she closed the trunk and turned back toward the store, Cole was standing immediately in front of her. He reached for the strap of her purse. Initially, the victim resisted. But after seeing Cole holding a gun pointed at her chest and hearing him say, "Don't make me use this," she relinquished her purse. Cole ran to the Jeep and drove off. *Held*:

Cole argues that the evidence was insufficient to establish the intent element of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). We disagree.

To prove intent, the State had to show the defendant intended an act "which places another in reasonable apprehension of immediately receiving a violent injury." *Osborne v. State*, 228 Ga. App. 758, 759 (492 SE2d 732) (1997). The victim's testimony of Cole's actions and words when he pointed the gun at her chest and her fearful reaction to them refute Cole's contention that there was no proof that his use of the weapon generated reasonable apprehension in the victim. *Matthews v. State*, 224 Ga. App. 407, 408 (1) (481 SE2d 235) (1997). Notwithstanding Cole's contention to the contrary, " '[i]ntent to injure is not an element of aggravated assault with a deadly weapon when the assault element is predicated on OCGA § 16-5-20 (a) (2).' [Cit.]" Id.

We must also reject Cole's assertion that the evidence of actual or constructive force was insufficient to establish armed robbery. The record shows that Cole forced the victim to surrender her purse by pointing the gun at her chest. This is sufficient to satisfy OCGA § 16-8-41 (a). See *Eady v. State*, 182 Ga. App. 293, 294 (1) (b) (355 SE2d 778) (1987).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

---

[1] The aggravated assault charge merged with the armed robbery count.

DECIDED MAY 14, 1998 —
RECONSIDERATION DENIED JUNE 8, 1998.

*Gloria D. Reed*, for appellant.
*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.