A00A1472. ROBERTSON v. THE STATE.
(538 SE2d 755)

MIKELL, Judge.

Willie James Robertson was indicted, tried, and convicted of four counts of aggravated assault and one count of possession of a firearm by a convicted felon. The trial court sentenced Robertson to serve twenty years for Count 1, ten years each for Counts 2, 3, and 4, and five years for Count 5. Robertson appeals his conviction for Counts 2, 3, and 4, arguing that the evidence was insufficient to support his convictions, and that his trial counsel was ineffective by failing to request a jury charge on the lesser offense of reckless conduct. We disagree and affirm.

Viewed in the light most favorable to the verdict, the evidence demonstrates that on March 17, 1997, an argument ensued between appellant and his wife, Rosalind Robertson. Ms. Robertson testified that as the argument escalated, appellant told her "you think I'm playing with you, you going to find yourself lying on the floor. . . . I'll kill you." Ms. Robertson also testified that appellant had threatened to kill her on a previous occasion and had threatened to "shoot up his mama's house."

During the March 17 argument, appellant's mother, Mary Jane Harper, arrived at the Robertsons' trailer with two children, Corles and Statrabvion Jackson, ages three and one. Ms. Robertson ran outside to Harper's truck, told Harper that appellant had threatened to kill her, and asked for a ride to the police station. Appellant approached the truck and tried to prevent his wife from leaving by grabbing her arm. Ms. Robertson held onto the door of the truck, and appellant went back inside the trailer. Ms. Robertson told Harper

---

[25] (Emphasis in original.) Id.

that appellant had gone to get a gun. Ms. Robertson jumped onto the floorboard of the truck and asked Harper to drive away. The children were on the seat. Harper had difficulty starting the engine.

Appellant emerged from the trailer with a gun. Holding the gun, he put his hand into the truck through an open window and fired three times. The second shot struck his wife, grazing her left thigh. Despite their proximity, neither Harper nor the children were struck by the bullets, and there was no evidence of bullet holes or other damage to the truck; however, a small caliber bullet was found on the passenger side floorboard underneath Ms. Robertson. After the third shot, Harper quickly drove to the police station. An ambulance transported Ms. Robertson to the hospital for treatment.

1. In his first two enumerations of error, appellant contends that the evidence was insufficient to support his conviction of aggravated assault against his mother and the children.

Our review is limited to determining whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1]

According to OCGA § 16-5-20 (a), a person commits simple assault when he or she either (1) attempts to commit a violent injury to the person of another or (2) commits an act which places another in reasonable apprehension of immediately receiving a violent injury. A simple assault becomes aggravated when it is committed with a deadly weapon.[2]

An aggravated assault based on OCGA § 16-5-20 (a) (1) cannot be committed by criminal negligence, because the attempted or completed injury to the victim must be the intended consequence of the defendant's act.[3] There was no evidence that appellant intended to injure his mother or the children when he fired the gun. Nonetheless, the evidence supported a conviction based on subsection (a) (1) under the doctrine of "transferred intent."[4] When a defendant intentionally shoots several times into a group of people intending to harm only one of them, a jury would be authorized to find him guilty of aggravated assault against each person in the group.[5]

Also, the evidence is sufficient to support appellant's conviction

[1] *Williams v. State*, 233 Ga. App. 217 (1) (504 SE2d 53) (1998).

[2] OCGA § 16-5-21 (a) (2).

[3] *Dunagan v. State*, 269 Ga. 590, 591-592 (2) (502 SE2d 726) (1998). The well-reasoned dissent by Justice Carley may be the better view. See id. at 595 (Carley, J., dissenting). See generally W. LaFave & A. Scott, Substantive Criminal Law, §§ 3.7 (1), 7.4 (1986). See also *Osborne v. State*, 228 Ga. App. 758 (492 SE2d 732) (1997); *Jordan v. State*, 214 Ga. App. 598 (448 SE2d 917) (1994); *Fambro v. State*, 164 Ga. App. 359 (297 SE2d 111) (1982). *Osborne* and *Jordan* were expressly overruled by *Dunagan*.

[4] *Happoldt v. State*, 267 Ga. 126, 127 (475 SE2d 627) (1996).

[5] *Pace v. State*, 239 Ga. App. 506 (521 SE2d 444) (1999).

under OCGA § 16-5-20 (a) (2). In considering evidence of an aggravated assault under subsection (a) (2), we must look to the victim's state of mind.[6] Harper testified that she was not afraid that her son would harm her, and that she was nervous as a result of Ms. Robertson's "hollering." The state of mind of a victim may be proved by indirect or circumstantial evidence, however.[7] Police officers described Harper as "out of breath," "erratic," and "very upset" upon her arrival at the police station. This testimony was sufficient for the jury to conclude that Harper had a reasonable apprehension of receiving a violent injury.[8]

Similarly, Harper's testimony that the children were crying when appellant fired into the truck in which they were sitting was sufficient for the jury to conclude that they, too, had a reasonable apprehension of receiving a violent injury. The jury was entitled to reject Harper's speculation that the children were crying because of Ms. Robertson's behavior.

> An appellate court does not weigh the evidence or determine the credibility of witnesses, but only determines whether the evidence is sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. As long as there is some competent evidence, even though contradicted, on each element necessary to prove the State's case, the jury's verdict will be upheld.[9]

We conclude that the evidence was sufficient for the jury to find the essential elements of the crime beyond a reasonable doubt.[10]

2. Finally, Robertson contends that his trial counsel was ineffective. Robertson's trial counsel filed a notice of appeal on September 11, 1998, and the court appointed his appellate counsel on September 23, 1999, one year later. Accordingly, Robertson cannot be deemed to have waived this ground of appeal.[11]

In order to establish ineffective assistance of counsel, Robertson must show that his trial counsel's performance was deficient and establish a likelihood that the deficient performance prejudiced his defense.[12] Trial counsel is presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment, and judicial scrutiny of counsel's

---

[6] *Dunagan,* supra at 593-594.

[7] *Williams v. State,* 208 Ga. App. 12, 13 (430 SE2d 157) (1993).

[8] Id.

[9] (Citation omitted.) *Trzepacz v. State,* 240 Ga. App. 410, 411 (1) (523 SE2d 599) (1999).

[10] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[11] *Lee v. State,* 199 Ga. App. 246, 247 (3) (404 SE2d 598) (1991).

[12] *Zant v. Moon,* 264 Ga. 93, 97 (2) (440 SE2d 657) (1994).

performance must be highly deferential.[13] "Counsel's decisions on matters of tactic and strategy, even if unwise, do not amount to ineffective assistance of counsel."[14]

Robertson contends that trial counsel was deficient by not requesting a jury charge on the lesser offense of reckless conduct for the aggravated assault charges involving Harper and the children. Decisions regarding requests for jury instructions fall under the rubric of trial tactics.[15] Trial tactics, however mistaken they may appear with hindsight, are almost never adequate grounds for finding trial counsel to have been ineffective so as to overturn a conviction. The performance of Robertson's trial counsel was not deficient.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED AUGUST 23, 2000

*Todd H. Martin,* for appellant.
*Robert W. Lavender, District Attorney, Leon Jourolmon, Assistant District Attorney,* for appellee.

---

[13] *Pace,* supra at 510.

[14] *Scott v. State,* 238 Ga. App. 258, 260 (2) (518 SE2d 468) (1999).

[15] *Herndon v. State,* 235 Ga. App. 258, 259 (509 SE2d 142) (1998).