## A01A2496. GARR v. THE STATE.
### (562 SE2d 215)

BLACKBURN, Chief Judge.

Following a jury trial, Vetena Garr appeals her conviction for armed robbery, aggravated assault, and false imprisonment, contending that her trial counsel rendered ineffective assistance of counsel by failing to tender an allegedly threatening letter written by her co-defendant into evidence. For the reasons set forth below, we affirm.

> In order to establish ineffective assistance of counsel, [Garr] must show that [her] trial counsel's performance was deficient and establish a likelihood that the deficient performance prejudiced [her] defense. Trial counsel is presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment, and judicial scrutiny of counsel's performance must be highly deferential. Counsel's decisions on matters of

---

[20] See *Landers v. State*, 236 Ga. App. 368, 370 (3) (511 SE2d 889) (1999).
[21] Id.
[22] See id.

tactic and strategy, even if unwise, do not amount to ineffective assistance of counsel.

(Punctuation and footnotes omitted.) *Robertson v. State.*[1] See also *Strickland v. Washington.*[2]

The record in this case shows that Garr was convicted for the armed robbery of a convenience store. The robbery was committed with several other co-defendants, including Abdullah Rasheed. Garr admitted that she participated in the robbery, but she alleged that she did so only because she had been coerced into it by Rasheed. Throughout her trial, Garr's trial attorney ably set forth Garr's defense of coercion, bringing out in direct and cross-examination evidence that Rasheed was a manipulator, bully, and ringleader who attempted to intimidate Garr. The jury, however, chose not to believe Garr's contention of coercion.

Despite her trial attorney's efforts, Garr now contends that her trial counsel was ineffective because she did not introduce into evidence an unsigned letter allegedly written by Rasheed. Garr argues that this letter would have supported her defense theory of coercion and, as such, it should have been tendered.

As an initial matter, we point out that the letter which forms the basis of Garr's argument was not introduced into evidence at her motion for new trial and does not appear in the record. We have no way, therefore, to review its contents. Nonetheless, the record is clear that Garr's trial attorney was not ineffective by choosing not to tender the letter. Instead, in order to preserve her right to give the final closing argument in the case, Garr's trial attorney brought out the substance of the letter in direct examination of Garr and cross-examination of other witnesses. Accordingly, the jury actually had the information which Garr now complains that it did not. Moreover, Garr's trial counsel testified that the contents of the letter were not overtly threatening and that she believed that the oral testimony about the letter would more effectively support Garr's coercion theory than the letter itself. These are clearly matters of tactic and strategy which appear to be unquestionably reasonable. Accordingly, Garr's spurious claims on appeal must fail. *Strickland,* supra.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED MARCH 13, 2002.

*Ruth L. Rocker,* for appellant.

---

[1] *Robertson v. State,* 245 Ga. App. 649, 651-652 (2) (538 SE2d 755) (2000).
[2] *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Elisabeth G. Macnamara, Robert M. Coker, Assistant District Attorneys*, for appellee.