## 65631. BLALOCK v. THE STATE.

BANKE, Judge.

Following a non-jury trial, appellant was convicted of one count of criminal damage to property in the first degree, one count of

criminal damage to property in the second degree, and six counts of aggravated assault. Appealing only the convictions for aggravated assault, appellant contends that the court erred in concluding that he used an automobile as a deadly weapon so as to authorize a conviction under OCGA § 16-5-21 (Code Ann. § 26-1302). *Held:*

OCGA § 16-5-21(a) (Code Ann. § 26-1302) provides that "a person commits the offense of aggravated assault when he assaults . . . with a deadly weapon or with any object, device, or instrument which, when used offensively against a person is likely to or actually does result in serious bodily injury." An automobile is not per se a deadly weapon, but may become one depending upon the manner and means of the vehicle's use. *Craft v. State,* 158 Ga. App. 745 (2) (282 SE2d 203) (1981); *Quarles v. State,* 130 Ga. App. 756 (204 SE2d 467) (1974).

It was uncontradicted that appellant, driving a 1975 Alfa Romeo sports car, pursued the six victims, who were travelling in a 1980 Delta 88 Oldsmobile, into a parking lot and then rammed his car into the driver's side of the Oldsmobile at an estimated speed of 25 miles per hour. Appellant then backed up his car and again drove his car into the side of the Oldsmobile. After backing up again, he got out of his car and kicked-in the front left fender of the Oldsmobile. The victims escaped by driving into the adjacent parking lot of a restaurant and running inside as appellant threw rocks at them. From inside the restaurant, the victims observed appellant obtain a metal bar and knock out all of the windows and lights of the Oldsmobile.

Even considering, as suggested by appellant, the relative size and weight of the two automobiles involved, as well as the lack of any personal injuries, the evidence certainly justified a factual finding that appellant's use of the sports car made it a deadly weapon. Accordingly, we find the evidence sufficient to enable a rational trier of fact to find the appellant guilty of aggravated assault beyond a reasonable doubt.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 31, 1983.

*John McGuigan, Bill Malone,* for appellant.
*Thomas J. Charron, District Attorney, Mary E. Staley, Assistant District Attorney,* for appellee.