### 42022. WATKINS v. THE STATE.
(328 SE2d 537)

CLARKE, Justice.

In this appeal we are called upon to consider the constitutionality of OCGA § 16-5-21 (a) (2), which provides "(a) A person commits the offense of aggravated assault when he assaults: . . . (2) with a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."[1]

---

[1] Upon initial reading, it may appear that the statute erases the traditional distinction between the offense of assault and the offense of battery. A closer examination reveals this is not the case. While the seriousness of a battery inflicted, if any, may cause the assault to be elevated to the level of an aggravated assault, the statute does not make a battery an essential element of the offense of aggravated assault. In this case, a serious battery occurred so this is the circumstance we treat, but the statute makes provision for the crime of aggravated assault without a battery if the act is likely to result in serious bodily injury.

Appellant here was convicted of aggravated assault after he twice struck a friend in the face during an altercation at a party.[2] The second blow was of sufficient force to lift the victim off his feet and, in the opinion of witnesses, render him unconscious before he fell, striking his head on a cement floor. The victim suffered a blood clot on his brain which necessitated neurosurgery and removal of a portion of the frontal lobe of the brain. Since the injury he has been on medication to prevent seizures and has suffered impairment of his vision and his hearing. He was in the hospital for a month and has since been unable to work. The neurosurgeon testified that the injury could have been caused by the initial punch or the contact with the floor or by both.

1. In his first enumeration of error Watkins contends that the evidence was insufficient to convict him. The heart of Watkins' argument is that because the seriousness of the injury was not at first apparent, he should have been charged only with simple battery, OCGA § 16-5-23. The court charged the jury as to simple battery, a lesser included offense of aggravated assault, and the jury found defendant guilty of aggravated assault. The evidence indicated a causal connection between the crime and the injury. *Sport v. State*, 253 Ga. 689 (324 SE2d 184) (1985). Under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient to convict Watkins.

2. Watkins insists that the aggravated assault statute is unconstitutionally vague in two respects: (1) the term "serious bodily injury" is defectively vague, and (2) the statute is defectively vague because no one could have reasonably expected the consequences which in fact occurred. Watkins also complains that the aggravated assault statute does not include a provision for introduction of evidence of opprobrious language by the victim although the introduction of such evidence by a defendant charged with simple assault or simple battery is permissible. OCGA § 16-5-25.

"It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U. S. 544, 550 (95 SC 710, 42 LE2d 706) (1975). See also *State v. Hudson*, 247 Ga. 36 (273 SE2d 616) (1981); *Baker v. State*, 246 Ga. 317 (271 SE2d 360) (1980). Considered in the light of the facts in this case, there is no question that an injury which results in impairment

---

[2] The assault occurred on October 29, 1983. Watkins was indicted May 10, 1984 and convicted July 20, 1984. A motion for new trial was filed August 6, 1984, and denied August 23, 1984. Watkins filed a notice of appeal September 4, 1984. The transcript was certified December 17, 1984, and the case docketed in this court February 5, 1985. The case was submitted for decision on March 22, 1985.

of vision and hearing, removal of a portion of the frontal lobe of the brain, and a month-long hospital stay is a serious injury. Watkins' contention that the statute invokes a subjective evaluation from law enforcement personnel as to what constitutes a serious injury is not viable in light of the facts of this case. No one of common intelligence could fail to understand the proper application of that portion of the statute which punishes infliction of "serious bodily injury." *McCord v. State*, 248 Ga. 765 (285 SE2d 724) (1982).

Watkins' position that no one could have foreseen the consequences of his striking the victim is similarly untenable in light of the fact that he struck him twice in the face, the second blow with a closed fist knocking his glasses off and lifting him off his feet. The neurosurgeon's testimony that the injury could have been caused by this blow rather than from his head's striking the cement floor is further indication that Watkins could have foreseen a serious injury and could have prevented it by conforming his conduct to the prohibitions implicit in the statute.

Watkins argues that some innocent contact such as striking another with a feather could have the unforeseen consequence of causing the victim to slip and suffer serious bodily injury thereby constituting an aggravated assault. He overlooks the fact that an aggravated assault contains all the elements of a simple assault. *Smith v. State*, 140 Ga. App. 395 (231 SE2d 143) (1976). The test for an assault is whether there is an intent to injure. *Riddle v. State*, 145 Ga. App. 328 (243 SE2d 607) (1978). Innocent contact does not include an intent to injure.

The contention that the legislature has somehow acted unconstitutionally in not providing for the defense of opprobrious language in cases of aggravated assault is similarly without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 16, 1985.

*Cook & Shaffer, William D. Gifford, C. R. Cook,* for appellant.
*Willis B. Sparks III, District Attorney, Graham A. Thorpe, Assistant District Attorney, Thomas J. Matthews,* for appellee.