## A90A0802. PAYNE v. THE STATE.
(394 SE2d 781)

DEEN, Presiding Judge.

The appellant, Jonathan Payne, was convicted of several traffic offenses and aggravated assault with a deadly weapon, all charges stemming from a State trooper's attempt to pull Payne over for speeding. At the trial, the State trooper testified that he pursued Payne after clocking him on the radar travelling 71 miles per hour in a Jeep. The trooper chased him more than 15 miles, over paved highway and dirt roads, with blue light on and siren sounding, and struck Payne's Jeep with the patrol car on 5 occasions. Three of those collisions occurred when Payne cut in front of the trooper and applied his brakes to prevent the trooper from passing him. The other two occurred when the trooper deliberately rammed Payne's Jeep in an attempt to get the vehicle off the road before Payne could injure anyone. Payne explained at trial that he had tried to prevent the trooper from passing him in hopes that the trooper would follow him home so they could discuss the matter there. *Held*:

1. Payne was arraigned on April 29, 1988, at which time the trial court orally informed him that his trial was set for May 9, 1988. When the case was called for trial, defense counsel moved for continuance on the grounds that he had not had adequate time to prepare and that neither Payne nor he had received a copy of the trial calendar at least 7 days before trial, as required by Rule 32.1 of the Uniform Superior Court Rules.

Denial of a motion for continuance will not be disturbed on ap-

peal in the absence of abuse of discretion. *Raines v. State*, 186 Ga. App. 239 (1) (366 SE2d 841) (1988). In the instant case, defense counsel was retained around the date of arraignment, and the evidence was not particularly complex. Concerning the violation of Rule 32.1, "noncompliance . . . is to be assessed under the circumstances of each case. . . ." *Osborne Bonding Co. v. Harris*, 183 Ga. App. 764, 766 (360 SE2d 32) (1987). Since Payne was informed by the trial court at arraignment time of the trial date, the obvious purpose of the rule was satisfied. Under these circumstances, we find no abuse of discretion in the denial of the motion for continuance.

2. After the close of the evidence, the prosecutor moved to have a juror removed because defense counsel had previously, albeit briefly, represented that juror. The juror had raised his hand when asked about such during voir dire, but the prosecutor had turned away and had not seen the response. Consequently, the trial court discharged the juror and replaced him with an alternate, which Payne contends was error.

OCGA § 15-12-167 provides that "[i]f known to a party or his counsel, any objections to a juror for cause shall be made before the juror is sworn in the case. After a juror has been found competent, no other or further investigation before triers or otherwise shall be had, provided that newly discovered evidence to disprove the juror's answer or to show him incompetent may be heard by the judge at any time before the prosecuting counsel submits any of his evidence in the case. If the juror is proved incompetent, the judge shall order him to withdraw from the jury and shall cause another juror to be selected." However, that statutory provision must be balanced with two other considerations: (1) the general authority under OCGA § 15-12-172 to discharge a juror at any time for illness, inability to perform duty, or other legal cause; and (2) Payne's failure to show how he was prejudiced by use of an alternate, since under OCGA § 15-12-169 alternates are qualified in the same manner as the selected jurors. See *Forney v. State*, 255 Ga. 316 (1) (338 SE2d 252) (1986). All things considered, we find no reversible error resulting from the discharge of the juror and replacement with an alternate in this case.

3. The trial court gave the standard definition of crime as "a union and a joint operation of act or an omission to act and intention or criminal negligence." The court subsequently instructed the jury that "[c]riminal negligence is defined as reckless conduct such as shows an indifference to the injurious result of the negligent acts and indifference to the safety of others and a lack of consideration for the welfare of others." Contrary to Payne's contention on appeal, this instruction on criminal negligence was a correct statement of law, see *Cain v. State*, 55 Ga. App. 376 (1) (190 SE 371) (1937), and was appropriate under the evidence.

4. Payne contends that he was entitled to directed verdict of acquittal on the aggravated assault charge because there was no evidence of an assault in that the State trooper was not in fear of being injured, and no evidence of use of a deadly weapon. "An automobile is not per se a deadly weapon, but may become one depending upon the manner and means of the vehicle's use." *Blalock v. State*, 165 Ga. App. 269, 270 (299 SE2d 753) (1983). Payne's quickly cutting his vehicle in front of the State trooper's patrol car just as the trooper was about to pass him during a relatively high speed chase was sufficient evidence of use of an automobile as a potentially deadly weapon. Further, the State trooper's defensive driving necessitated by Payne's maneuvers, and the trooper's decision to ram Payne's vehicle in an attempt to disable it and prevent injury to anyone, was evidence of a reasonable apprehension of violent injury, which may be inferred from the conduct of the victim. *Hurt v. State*, 158 Ga. App. 722 (282 SE2d 192) (1981).

Not only was there evidence concerning these issues, but it also authorized a rational trier of fact to find Payne guilty beyond a reasonable doubt as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, Payne's motion for directed verdict was properly denied.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 19, 1990 —
REHEARING DENIED MAY 4, 1990.

*Brace W. Luquire*, for appellant.
*Douglas C. Pullen, District Attorney, Charles E. Bagley, Jr., Assistant District Attorney*, for appellee.