A91A0159. CLINE v. THE STATE.
(405 SE2d 524)

BIRDSONG, Presiding Judge.

Danny Cline has filed a notice of appeal from the order of the trial court denying his motion for new trial. He also appeals the judg-

ment of conviction of fleeing and eluding, reckless driving, aggravated assault, criminal interference with government property, and being a recidivist. Further, he appeals his sentence. On appeal appellant's sole enumeration of error is want of sufficiency of evidence. Appellant expressly argues that the record does not contain any evidence of intent necessary to support his conviction of aggravated assault. *Held:*

1. Appellant has not argued or submitted citations of authority in his appellate brief regarding the issue of the recidivist count recited in the notice of appeal; accordingly, that issue, if it was intended to be encompassed in appellant's broad enumeration of errors, has been abandoned. Court of Appeals Rule 15 (c).

2. Simple assault is an essential element of aggravated assault under OCGA § 16-5-21 (a). However, aggravated assault committed by means of a deadly or offensive weapon (OCGA § 16-5-21 (a) (2)), unlike aggravated assault committed with the intent to murder, rape or rob, does not require a specific criminal intent (compare *McWilliams v. State*, 172 Ga. App. 55 (2) (322 SE2d 87)); rather it requires only a general criminal intent such as defined in OCGA § 16-2-1, which in the case of simple assault under OCGA § 16-5-20 (a) (1), is a general intent to injure (see *Watkins v. State*, 254 Ga. 267, 269 (2) (328 SE2d 537)). General intent to injure may be proven by circumstantial evidence and is a question of fact for the trier of fact to determine. See generally OCGA § 16-2-6; *Daughtry v. State*, 180 Ga. App. 711, 712 (1) (350 SE2d 53). Criminal intent rarely can be proved by direct evidence, but its existence may be inferred by the trier of fact "upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6. Further, the triers of fact may infer, if they wish to do so, that a person of sound mind and discretion intends the natural and probable consequences of his knowing acts. See *Parker v. State*, 256 Ga. 363 (1) (349 SE2d 379). Whether any such inference is made is solely a matter within the factfinder's discretion, and any such inference is rebuttable. See *Parker*, supra at 365 (1). Mere innocent contact, as a matter of law, does not include an intent to injure. *Watkins*, supra at 269. Whether contact is innocent usually presents a question of fact.

"A person commits the offense of aggravated assault when he *assaults* . . . (2) With a deadly weapon or with any object, device or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." (Emphasis supplied.) OCGA § 16-5-21 (a). As aggravated assault includes the elements of a simple assault, it is essential that an aggravated assault by automobile, under OCGA § 16-5-21 (a) (2), be committed with a general intent to injure. *Watkins*, supra at 269. "Although an automobile is not per se a deadly or offensive weapon, it may become one depending on

the manner and means of the vehicle's use. [Cit.] The question of whether an automobile, or other instrumentality, has been used so as to constitute a deadly or offensive weapon is properly for the jury's determination." *Spaulding v. State*, 185 Ga. App. 812, 813 (1) (366 SE2d 174); compare *Payne v. State*, 195 Ga. App. 523 (4) (394 SE2d 781); *Blalock v. State*, 165 Ga. App. 269 (299 SE2d 753); and *Craft v. State*, 158 Ga. App. 745 (2) (282 SE2d 203). "The fact that a suspect flees the scene of a crime points to the question of guilt in a circumstantial manner." *Renner v. State*, 260 Ga. 515, 517 (3) (b) (397 SE2d 683).

Police officers went to appellant's home on business; appellant drove by, saw the police, and fled. The police followed in lawful pursuit. Appellant drove his vehicle in speeds reaching 105 miles per hour, and went through an intersection at 100 miles per hour. At one point appellant went through a four-way stop sign at a high rate of speed and shortly thereafter executed a power slide turn. Deputy Sheriff Hendrixson spotted appellant and attempted to intercept him. Hendrixson positioned his car in front of appellant's and attempted a rolling roadblock by gradually slowing down and changing lanes whenever appellant changed lanes. The maneuver failed. Hendrixson then attempted a partial roadblock, which gave appellant the option to stop or to go safely around the patrol car. The partial roadblock was initiated "a good two hundred yards" in front of appellant's approaching vehicle, and Hendrixson's headlights and emergency lights were on. Appellant first reacted as if he would stop; appellant next reacted as if he were going to go around Hendrixson and, at this point, appellant's headlights did not illuminate the patrol car; then Hendrixson saw appellant's light beams "adjust" and illuminate the inside of the patrol car, and the patrol car was struck with Hendrixson inside. Appellant continued driving north, and the police "gave chase." The chase ended only after appellant wrecked his car. The collision resulted in major damage to the rear of the Cherokee County patrol car driven by Hendrixson. Two loaded pistols were found on the front seat of appellant's car. At the time of the incident, appellant had a prior felony conviction for aggravated assault.

The evidence here was sufficient to enable any rational trier of fact to find appellant harbored the requisite criminal intent to commit aggravated assault beyond a reasonable doubt. See Division 3, below.

3. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript in a light most favorable to the jury's verdict

reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Cooper and Andrews, JJ., concur. Pope, J., disqualified.*

DECIDED APRIL 9, 1991.

*Philip C. Smith*, for appellant.

*Garry T. Moss*, District Attorney, *C. David Gafnea*, Assistant District Attorney, for appellee.