A92A2095. JOHNSON v. THE STATE.
(427 SE2d 93)

McMURRAY, Presiding Judge.

Defendant was convicted of violating the Georgia Controlled Substances Act (two counts of sale of cocaine) and he appeals. *Held*:

In his sole enumeration of error, defendant contends the trial court erred in admitting into evidence State's Exhibits 6 and 7, i.e., the Georgia Bureau of Investigation evidence receipts reflecting the chain of custody of the contraband in question. In this connection, he argues that the State failed to establish the chain of custody of the evidence receipts. Because a chain of custody did not need to be established for the evidence receipts, we perceive no error. See generally Green, Georgia Law of Evidence (3rd ed.), § 83, which states the rule that in criminal cases, when the physical evidence is of a *fungible nature*, the State must establish the chain of custody.

With regard to the contraband in question, defendant argues that the State failed to establish the chain of custody because the crime laboratory technician who examined the contraband was unable to remember which agent gave it to her without referring to a notation written on the official report. In this connection, defendant points out that the notation on the official report was made by a crime laboratory secretary, not the technician, and that the secretary did not testify at trial. This argument is without merit.

"The burden the state must carry to gain admission of evidence such as this is to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or sub-

stitution. *Patterson v. State*, 224 Ga. 197 (2) (160 SE2d 815). In this case, [defendant] produced no evidence of substitution or tampering. He depended solely on the absence at trial of one person who [may have] handled the contraband. . . . The trial judge ruled correctly that the contraband would be admitted and its weight left to the jury. '(I)t is not necessary that the state negative all possibility of tampering but only that it show it is reasonably certain there was no alteration — when there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight. (Cits.)' [Cits.]" *Johnson v. State*, 143 Ga. App. 169 (1), 170 (237 SE2d 681). See also *Usher v. State*, 148 Ga. App. 719, 720 (2) (252 SE2d 677).

*Judgment affirmed. Cooper, J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

I concur in the majority opinion and do agree that, for the reasons stated, the trial court did not err in admitting the evidence receipts of the Georgia Bureau of Investigation, which admission was defendant's sole enumeration of error. The majority opinion correctly states that the State has the burden of proof to gain admission of evidence, i.e., to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. However, to the extent that the majority opinion could be read to place the burden on a defendant to show a substitution or tampering with the evidence in order to exclude it, I respectfully show that the defendant has no such burden and is entitled to have the State's evidence excluded upon a failure by the State to meet its burden of establishing the chain of custody. No such failure occurred in the instant case.

DECIDED JANUARY 15, 1993.

*Jon G. Branan*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.