A93A2396. DARDEN v. THE STATE.
A93A2399. JONES v. THE STATE.
A93A2601. HOLLOMAN v. THE STATE.
(441 SE2d 816)

POPE, Chief Judge.

Defendants were all convicted of distributing cocaine, and defendant Holloman was also convicted on a separate charge of possession with intent to distribute. Following denial of their motions for new trial, defendants appeal.

Three officers were working undercover in an area of Rockmart known as a center for crack cocaine dealing. As they turned their truck into Second Street and slowed down, three men approached. These men were later identified as Darden, Jones and Lee, a co-defendant who was acquitted and is not involved in this appeal. One of the officers asked the men if they knew where he could get a $20 hit of crack, and Darden responded that they could get it but would have to wait for their "man" to get there. A white and red Ford LTD then entered the area. Jones said, "Here comes our man now," and told the undercover officers to drive around the block, which they did. When they returned, the LTD was parked at the end of the street and Lee was talking with the driver, subsequently identified as Holloman. Jones and Darden stood by the officers' truck. Lee then left the LTD and Jones walked toward him. Lee handed something to Jones, and

then Jones walked back to the truck where he handed a small green packet of crack cocaine to Darden. Darden gave the packet to Officer Michael Daniel, and then all four suspects were arrested. Officer Joel McSwain testified that when he went to arrest Holloman in his LTD, Holloman said "It's not mine, I'm just holding it for somebody." Holloman then told McSwain that "it" was between the front seats, where McSwain found a plastic baggie containing 17 more hits of crack.

1. All three defendants argue that the trial court should have excluded the hit of crack cocaine in the small green plastic bag which defendants sold to the officers. Officer Daniel testified that Darden handed the crack to him. Yet Officer Keith Barber, the officer in charge of collecting the physical evidence, testified that his notation on the evidence bag indicates that Daniel told him at the time that he got the crack from Jones. Officer Daniel also testified that he gave the packet to Officer Barber at the scene, while Officer Barber testified that he received it from Officer Daniel back at the station. Moreover, Officer Barber placed the packet in an evidence bag containing evidence from a different officer, Officer Jameson, rather than a bag containing other evidence from Officer Daniel. Based on these discrepancies, defendants assert the State failed to establish the chain of custody, so the evidence should have been excluded. " 'The burden the state must carry to gain admission of evidence such as this is to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution.' " (Citation omitted.) *Johnson v. State*, 207 Ga. App. 121, 122 (427 SE2d 93) (1993). Here, the State showed that Darden handed the packet of crack to Officer Daniel, that Officer Daniel turned the packet over to Officer Barber, and that Officer Barber then took the packet to the crime lab for analysis. There is no evidence suggesting substitution of or tampering with the evidence. Thus, the State met its burden for admission of the evidence in this case, and the minor discrepancies pointed to by defendants go only to its weight. See *Anderson v. State*, 247 Ga. 397 (2) (276 SE2d 603) (1981); *Richards v. State*, 189 Ga. App. 146 (1) (375 SE2d 278) (1988); *Jackson v. State*, 188 Ga. App. 834 (374 SE2d 777) (1988).

2. All three defendants also contend the trial court erred in denying their motions for mistrial based on the State's improper closing argument. Although defendants argue here that several portions of the State's argument were improper, they moved for mistrial only on the grounds of the State's allegedly improper references to the pervasive drug problem in our society. Such references are not improper. See *Philmore v. State*, 263 Ga. 67 (3) (428 SE2d 329) (1993). In any case, the trial court sustained defendants' objections to these references, rebuked State's counsel and gave the curative instructions re-

quested by defendants. Accordingly, the trial court's denial of the motion for mistrial was not error. See OCGA § 17-8-75.

3. Defendant Holloman challenges the sufficiency of the evidence linking him to the sale of the cocaine to the officers. The evidence of Holloman's involvement in the sale was sufficient to exclude all other reasonable hypotheses and enable a jury to find him guilty of selling cocaine beyond a reasonable doubt. See OCGA § 24-4-6.

4. Lastly, defendant Holloman argues that the trial court erred in dismissing a juror and replacing her with an alternate during the course of the trial, despite its conclusion that she had not actually done anything improper. The record shows that during a break, the juror was seen sitting and talking with defendants Darden and Jones. Upon questioning by the court, the juror said she had known Darden and Jones all their lives. She said she raised her hand in response to a voir dire question about knowing the defendants, but the State did not see her hand raised. Under OCGA § 15-12-172, the trial court has discretion to discharge a juror and replace him or her with an alternate at any time, and we will not reverse as long as the court's exercise of discretion has a sound legal basis. See *Miller v. State*, 261 Ga. 679 (6) (410 SE2d 101) (1991); *Payne v. State*, 195 Ga. App. 523 (2) (394 SE2d 781) (1990). Contrary to defendant Holloman's contention, improper conduct on the part of the juror is not required. In *Payne*, the juror in question had previously been represented by defense counsel. The juror raised his hand when asked about such during voir dire, but the prosecutor did not see it. Under these circumstances, we held that the trial court did not abuse its discretion in replacing the juror with an alternate when the prosecutor moved to do so after the close of evidence. Id. at 524. As the circumstances here are almost identical to those in *Payne*, we also hold that the trial court had a sound legal basis for its discharge of the juror in this case and did not abuse its discretion.

*Judgments affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MARCH 9, 1994.

*Munday & Gammage, John S. Husser*, for Darden.
*Gammon & Anderson, Brad J. McFall*, for Jones.
*Daniel B. Simon III*, for Holloman.
*George C. Turner, Jr., District Attorney, Blanchette C. Holland, Assistant District Attorney*, for appellee.