A02A0506. MOBLEY v. WRIGHT.

(559 SE2d 78)

ELDRIDGE, Judge.

Plaintiff Louise Mobley, an elderly person, appeals from the judgment for defendant Eva Wright after a jury trial. The plaintiff objected to a jury charge on pre-existing injury, to removing a juror prior to the commencement of deliberations, and to the court's written response to a written jury question. Finding no error, we affirm.

On October 6, 1998, the defendant exited a shopping center parking lot and drove into the passenger side of the plaintiff's car as plaintiff drove down Church Street after also turning into the street from another parallel parking lot. Plaintiff received a fractured sternum in the collision. However, this elderly plaintiff contended that the collision was detrimental to her caring for herself and independent living. Plaintiff's physician testified that the injury shortened her independent living by as much as two years.

1. Plaintiff contends that the trial court erred in failing to properly instruct the jury on the law with regard to damages attributable to the aggravation of natural or pre-existing conditions. We do not find error.

The charge objected to was not a charge on aggravation of a pre-existing injury at all but was a general charge on pain and suffering that stated recovery for pain and suffering could be only for injuries tortiously caused. The trial court gave the complete pattern jury instructions on pre-existing injury and the aggravation of a pre-existing injury.

> I would also take exception to what I've got marked as No. 20, which is the pain and suffering charge, the sentence that we added which reads: "The plaintiff may not recover for infirmities which are not the natural causes or which existed before the accident at issue." I would submit that that's confusing and it tends to lead them to think that even an aggravation of a natural, physical condition is improper.

Following the exception to the charge on pain and suffering, the trial court gave the pattern jury charge on the aggravation of a prior existing condition, which completely and adequately set forth the applicable law for the jury. See generally *Bennett v. Jones*, 218 Ga. App. 714, 715-716 (2) (463 SE2d 158) (1995). Taken as a whole, the charge was neither ambiguous, misleading, or incorrect. *Pittman v. State*, 273 Ga. 849, 850 (4) (546 SE2d 277) (2001).

More importantly, where the verdict was for the defendant, any error in the charge on damages is harmless and cannot be a basis for a grant of a new trial. *Luke v. Spicer*, 194 Ga. App. 183, 184 (4) (390 SE2d 267) (1990).

> The well established rule is that where the court incorrectly instructs the jury as to the measure of damages to be applied, if the jury exonerates the defendant so that the consideration of the measure of damages is eliminated from the case, the instructions given, even if erroneous, cannot be held to prejudice the plaintiff's cause.

(Citations and punctuation omitted.) *Minter v. Leary*, 181 Ga. App. 801 (1) (354 SE2d 185) (1987).

2. Plaintiff contends that the trial court erred in improperly responding in writing to a written question from the jury after the close of evidence and prior to deliberations: "Can we see an accident report? Particularly, can we consider the question of whether or not Mrs. Mobley was wearing a seatbelt and if she was not, would this be considered negligence on her part?"

The trial court discussed the written response that the court would make to these questions with counsel prior to sending the response to the jury. The written response was, "no"; "you have all the evidence that is admissible in this case and cannot consider any other information." The plaintiff wanted a "no" to both questions. The trial court stated that to give a simple "no" answer could be construed as a comment on the evidence presented in the case by the jury. OCGA § 9-10-7.

"[Q]ualified jurors under oath are presumed to follow the trial court's instructions." *Smith v. State*, 267 Ga. 372, 374 (3) (477 SE2d 827) (1996) (evidence introduced for a limited purpose under limiting instructions from the court); see also *Gomillion v. State*, 236 Ga. App. 14, 19 (3) (d) (512 SE2d 640) (1999) (jury instructed not to consider indictment as evidence so that erroneously circled guilty on the indictment did not influence jury). Thus, the jury is presumed to have followed the trial court's instructions that they could consider only admitted evidence and could not consider other information, which is a correct statement of the law. See generally *Wade v. State*,

197 Ga. App. 464, 465 (1) (398 SE2d 728) (1990). Therefore, in following the court's instructions, the jury would not have considered the issue raised in the questions.

3. The plaintiff contends that the trial court erred in dismissing a juror, without cause, at the close of the case but prior to the commencement of deliberations. We find no reversible error.

The juror, excused voluntarily, brought to the attention of the court and counsel that she knew plaintiff's psychiatrist and that knowledge could influence her impartiality. She stated: "I believe I may need to be disqualified from the jury as I think I know the psychiatrist and his billing method for his patients." The juror was never questioned about her written communication either by the attorneys or the trial judge prior to being excused. The trial judge stated a number of reasons that the juror should be excused for lack of impartiality to the plaintiff. Nonetheless, the plaintiff objected to the removal of such juror but made no record that the juror could be fair and impartial to both sides if she was allowed to remain on the jury. Thus, out of an abundance of caution, the trial judge excused the juror to preserve the jury's impartiality as well as the appearance of fairness and impartiality.

An alternate juror can replace a juror for death, illness, and good cause that prevents the juror from performing his or her duty, or other legal cause. OCGA § 15-12-172. Thus, the trial judge has a broad discretion in regard to excusing a juror from the panel and substituting an alternate. *Pinkins v. State*, 243 Ga. App. 737, 741 (3) (534 SE2d 192) (2000) (juror excused because she contacted during trial her friend, another assistant district attorney who was not trying the case); *Remine v. State*, 203 Ga. App. 30, 32 (5) (416 SE2d 326) (1992) (two jurors were excused because of hardship of service); *Baptiste v. State*, 190 Ga. App. 451, 453 (2) (379 SE2d 165) (1989) (juror became sick). A juror can even be replaced for being late to court. *Herring v. State*, 224 Ga. App. 809, 810-812 (1) (481 SE2d 842) (1997).

Where the juror appears partial to one side or the other or through voir dire demonstrates a lack of impartiality, such constitutes good cause for the judge in his discretion to remove the juror to preserve the integrity of an impartial and fair jury trial and serve thereby the ends of justice. Having been briefly represented by defense counsel is a legitimate ground for removal of a juror. *Payne v. State*, 195 Ga. App. 523, 524 (1) (394 SE2d 781) (1990). The juror's acquaintance with the defendant or victim is a good cause for replacement. *Miller v. State*, 261 Ga. 679, 680 (6) (410 SE2d 101) (1991); *Ganas v. State*, 245 Ga. App. 645, 648 (3) (537 SE2d 758) (2000); *Darden v. State*, 212 Ga. App. 345, 347 (4) (441 SE2d 816) (1994). Acquaintance with a party's family is a ground for removal.

*Reynolds v. State*, 271 Ga. 174, 175 (2) (517 SE2d 51) (1999). Thus, where the trial judge in a civil case believes that the juror cannot be fair and impartial to both sides from the juror's voluntary statement and belief in his or her own lack of impartiality, it is within the sound discretion of the trial judge to sua sponte remove the juror over objection of counsel.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JANUARY 16, 2002.

*Fortson, Bentley & Griffin, John B. Parker*, for appellant.

*Bridges, Ormand & Faenza, Alvin L. Bridges, Jr.*, for appellee.