In the Supreme Court of Georgia


Decided: June 6, 2016


S16A0082. MURDOCK v. THE STATE.

BLACKWELL, Justice.

Adrian Murdock was tried by a DeKalb County jury and convicted of murder with malice aforethought, the unlawful possession of a firearm by a first-offender probationer, and the unlawful possession of a firearm during the commission of a felony, all in connection with the fatal shooting of Breon Sims. Murdock appeals,[1] contending that the trial court erred when it declined to grant a new trial on the general grounds, when it refused his request at trial to excuse

[1] Sims was killed on November 18, 2010. A DeKalb County grand jury indicted Murdock on June 25, 2013, charging him with malice murder, felony murder predicated on aggravated assault, aggravated assault, felony murder predicated on the unlawful possession of a firearm by a first-offender probationer, unlawful possession of a firearm by a first-offender probationer, and unlawful possession of a firearm during the commission of a felony. His trial commenced on July 30, 2013, and three days later, the jury returned its verdict, finding Sims guilty of all the crimes with which he was charged. On August 2, 2013, Sims was sentenced to imprisonment for life for malice murder and imprisonment for a term of five years for each of the crimes involving the unlawful possession of a firearm. The verdict as to both counts of felony murder was vacated by operation of law, see Malcolm v. State, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993), and the aggravated assault merged with the malice murder. Murdock timely filed a motion for new trial on August 30, 2013, and he amended it on February 17, 2015. The trial court denied his motion on April 28, 2015, and Murdock timely filed a notice of appeal on May 11, 2015. The case was docketed in this Court for the January 2016 term and submitted for decision on the briefs.

an empaneled juror for cause, and when it admitted evidence of his sister's statements to law enforcement officers.[2] We find no error and affirm.

1. Viewed in the light most favorable to the verdict, the evidence shows that Murdock and Sims for many years had been friends and neighbors. But on November 18, 2010, they became embroiled in a dispute over money that Sims supposedly owed to Murdock. At first, the two men exchanged angry words on social media. Later that afternoon, the dispute turned physical. Sims walked out of his house, and he was approached by Murdock, who was carrying a gun. Sims told Murdock to put the gun down so that they could "scrap this out," but Murdock instead twice struck Sims about the head with the gun, and Murdock then pointed the gun at Sims. At that point, Sims said, "if you [are] going to kill me, kill me," and Murdock shot Sims in the chest. Murdock fled the scene when law enforcement officers arrived. Sims was taken to a hospital, but he died later that day. Although Murdock does not dispute the sufficiency of the evidence, we have undertaken an independent review of the record, and we conclude that

---

[2] Murdock also contends on appeal that the trial court erred when it refused to charge the jury on pointing a pistol at another as a lesser offense included in aggravated assault and felony murder predicated on aggravated assault. Murdock, however, was not convicted of aggravated assault or felony murder, see note 1 supra, and for that reason, this claim of error is moot and requires no further discussion. See Mills v. State, 287 Ga. 828, 830 (2) (700 SE2d 544) (2010).

the evidence was sufficient to permit a rational jury to find beyond a reasonable doubt that Murdock is guilty of the crimes of which he was convicted. See Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. Murdock moved for a new trial on general and special grounds,[3] and the trial court denied his motion without discussion.[4] Murdock complains that the record does not show that the trial court properly exercised its discretion to consider a new trial on the general grounds. See generally White v. State, 293 Ga. 523, 524-525 (2) (753 SE2d 115) (2013) ("When properly raised in a timely motion [for new trial], [the general grounds] require the trial judge to exercise a broad discretion to sit as a thirteenth juror." (Citation and punctuation omitted)). But when denying a motion for new trial, the trial court need not explicitly speak of its discretion with respect to the general grounds, and unless the record shows otherwise, we must presume that the trial court understood the

---

[3] The general grounds are those set forth in OCGA § 5-5-20 (trial judge may grant a new trial if verdict is "contrary to evidence and the principles of justice and equity") and OCGA § 5-5-21 (trial judge may grant a new trial if verdict is "decidedly and strongly against the weight of the evidence").

[4] In its entirety, the order denying the motion for new trial says: "After hearing argument on defendant['s] motion for new trial, considering the entire file, the briefs, and the law, this Court denies the motion."

nature of its discretion and exercised it. See <u>Butts v. State</u>, 297 Ga. 766, 771-772 (3) (778 SE2d 205) (2015). As we have explained, "where a trial judge ruling on a new trial motion enters an order that, without more, recites that the new trial is refused or denied, this will be taken to mean that the judge has in the exercise of his discretion approved the verdict." Id. at 772 (3) (citation and punctuation omitted). This claim of error is without merit.

3. At trial, a juror sent a note to the judge, indicating that the juror long ago had been the victim of an armed robbery and worried that he would "have trouble being impartial" as a result of that experience.[5] The juror was brought into the courtroom, and the judge explained that this case did not involve an armed robbery and that the crimes with which Murdock was charged were "very different." After talking with the judge in open court, the juror eventually said that he believed he could "separate and differentiate" the crimes with which Murdock was charged from the armed robbery of which he had been a victim. The juror was excused from the courtroom, and Murdock asked the judge to

---

[5] The juror sent this note to the judge after the jury was empaneled, but before opening statements.

4

"consider replacing him with the alternate," but the judge declined, finding that the juror had "rehabilitated himself."

Murdock contends that the refusal to excuse the juror was error. Even assuming that the request to "consider replacing [the juror]" was sufficient to preserve this claim of error, it is without merit. Trial courts have considerable discretion to determine whether a juror can be impartial, see Sears v. State, 292 Ga. 64, 66 (2) (734 SE2d 345) (2012), and as we previously have noted, "a trial judge is uniquely positioned to evaluate whether a [] juror can render an impartial verdict, considering that the trial judge . . . can observe a prospective juror in person and take account of her demeanor and countenance, not just the words that she speaks." Edenfield v. State, 293 Ga. 370, 379-380 (7) (744 SE2d 738) (2013) (citation and punctuation omitted). On the record in this case, we see no abuse of the considerable discretion of the trial court with respect to the juror at issue. See id. at 386-387 (7) (discussing rehabilitation of jurors).

4. After Murdock shot Sims, Murdock's sister called 911 to report the shooting, and she later gave a statement about the shooting to investigating officers. At trial, she testified, and although she remembered placing the 911 call and giving a statement to investigators, she said that she could not recall the

details of the shooting itself or the content of her statement. Later, the trial court allowed — over a hearsay objection — an investigating officer to testify about the content of her statement. Murdock contends that the admission of this testimony was error, but it was properly admitted under OCGA § 24-6-613 (b) as a prior inconsistent statement.[6] As we recently have explained, "[t]he failure of a witness to remember making a statement, like the witness's flat denial of the statement, may provide the foundation for calling another witness to prove that the statement was made." Hood v. State, ___ Ga. ___, ___ (2) (Case No. S16A0064, decided May 23, 2016) (citation omitted). Moreover, even if there were some error in the admission of this testimony, it was — as Murdock concedes — cumulative of other evidence (including a recording of the 911 call), and any such error was harmless. See Rutledge v. State, 298 Ga. 37, 40 (2) (779 SE2d 275) (2015). Accordingly, this claim of error also is without merit.

Judgment affirmed. All the Justices concur.

---

[6] In pertinent part, OCGA § 24-6-613 (b) provides:
Except as provided in Code Section 24-8-806 [pertaining to the impeachment of a declarant by inconsistent statement or conduct], extrinsic evidence of a prior inconsistent statement by a witness shall not be admissible unless the witness is first afforded an opportunity to explain or deny the prior inconsistent statement and the opposite party is afforded an opportunity to interrogate the witness on the prior inconsistent statement or the interests of justice otherwise require.