### S16A0960. TRIM v. SHEPARD.
(794 SE2d 114)

BLACKWELL, Justice.
   Cortez McClain, Walter Simon, and Anthony Gene Trim were tried by a Gwinnett County jury and convicted of several crimes in connection with an attempted robbery.[1] At trial, there was a dispute about the qualification of a prospective juror, whose daughter previously had been prosecuted in Gwinnett County for an armed robbery. During voir dire, the prospective juror expressed her discomfort with serving on the jury, explaining that the same prosecuting attorney had been involved in her daughter's case, and noting that her daughter had been represented in that case by the lawyer now representing Trim. The prosecuting attorney sought to have the prospective juror struck for cause, but McClain, Simon, and Trim wanted to keep her. Over their objections, the trial court excused the prospective juror.
   McClain, Simon, and Trim appealed, and each claimed that the evidence was legally insufficient to sustain his convictions. In addition, McClain alone asserted that the trial court erred when it excused the prospective juror for cause. Finding the evidence legally sufficient, the Court of Appeals affirmed Simon and Trim's convictions. *Simon v. State*, 320 Ga. App. 15, 19-20 (1), 25 (4) (739 SE2d 34)

---

[1] McClain, Simon, and Trim were convicted of attempted armed robbery, burglary, and false imprisonment, and Trim alone was convicted of aggravated assault.

(2013). But as to McClain, the Court of Appeals reversed his convictions, reasoning that a trial court has discretion to excuse a prospective juror for cause only after "an adequate inquiry has been conducted," and concluding that the inquiry into the impartiality of the prospective juror in question was inadequate. Id. at 24 (3).[2] Following the decision of the Court of Appeals, the State did not seek further review in this Court by writ of certiorari.

Simon and Trim then filed petitions for writs of habeas corpus, each asserting that he was denied the effective assistance of counsel on appeal because his lawyer failed to raise a claim of error about the prospective juror. A habeas court in Johnson County granted Simon's petition, and it appears that no appeal was taken from that judgment. A habeas court in Richmond County, however, denied Trim's petition, and Trim appealed.[3] Although Warden Stan Shepard urged the habeas court to deny Trim's petition, the Warden has informed us that he no longer disputes that Trim is entitled to habeas relief. This Court, however, is not bound by the litigating position of the Warden, and we have an obligation to decide for ourselves whether the judgment of the habeas court is legally sound. See *Tiller v. State*, 314 Ga. App. 472, 474 (3), n. 2 (724 SE2d 397) (2012). For the reasons that follow, we conclude that it is, and so, we affirm the denial of the petition for a writ of habeas corpus.

To show that he is entitled to habeas relief for a denial of the effective assistance of counsel on appeal, Trim had to prove "that his appellate counsel was deficient in failing to raise an issue on appeal and that, if counsel had raised that issue, there is a reasonable probability that the outcome of the appeal would have been different." *Martin v. McLaughlin*, 298 Ga. 44, 45 (779 SE2d 294) (2015) (citation omitted). With respect to deficient performance, we have explained that "the question is not whether an appellate attorney's decision not to raise a particular issue was correct or wise, but rather[,] whether his decision was an unreasonable one which only an incompetent attorney would adopt." *Lewis v. State*, 294 Ga. 526, 528 (755 SE2d 156) (2014) (citations and punctuation omitted). If the claim that McClain's lawyer raised on direct appeal — but Trim and Simon's lawyers did not — had "clear and strong merit under the law as it existed at the time of the appeal, that would tend to show that a competent lawyer ought to have raised it . . . ." *Martin*, 298 Ga. at 45.

---

[2] In *Simon*, Judge Dillard concurred in judgment only and did not join the division of the opinion in which the Court of Appeals addressed the prospective juror.

[3] Trim timely filed an application for a certificate of probable cause to appeal from the judgment of the habeas court, see OCGA § 9-14-52, and we granted that application.

If the claim had doubtful merit, however, it generally cannot be said that every competent lawyer would have asserted it, and so, the failure to assert the claim ordinarily would not amount to deficient performance. See *Arrington v. Collins*, 290 Ga. 603, 604 (724 SE2d 372) (2012) (appellate counsel has no obligation to raise "every nonfrivolous argument that could be made" (citation and punctuation omitted)). We must, therefore, consider the strength of the claim of error upon which the Court of Appeals reversed McClain's convictions.

When the Court of Appeals considered that claim, its consideration began with a proper acknowledgment of the considerable discretion of a trial court to strike jurors for cause. See *Simon*, 320 Ga. App. at 23 (3). As we have explained, that discretion is considerable precisely because "a trial judge is uniquely positioned to evaluate whether a [potential] juror can render an impartial verdict, considering that the trial judge can observe a prospective juror in person and take account of her demeanor and countenance, not just the words that she speaks." *Murdock v. State*, 299 Ga. 177, 187 (3) (787 SE2d 184) (2016) (citation and punctuation omitted). See also *Akhimie v. State*, 297 Ga. 801, 806 (2) (777 SE2d 683) (2015); *DeVaughn v. State*, 296 Ga. 475, 477 (2) (769 SE2d 70) (2015); *Robles v. State*, 277 Ga. 415, 419 (4) (589 SE2d 566) (2003). But citing our decision in *Kim v. Walls*, 275 Ga. 177 (563 SE2d 847) (2002), the Court of Appeals then said that a trial court is vested with such considerable discretion only to the extent that the trial court has "conduct[ed] voir dire adequate to the situation, whether by questions of its own or through those asked by counsel." *Simon*, 320 Ga. App. at 23 (3) (citation and punctuation omitted). Concluding that "no adequate inquiry was conducted in this case," the Court of Appeals found an abuse of discretion in the striking of the juror over the objections of McClain, Trim, and Simon, and it reversed McClain's convictions accordingly. Id. at 24 (3).

There are, however, several reasons to doubt that *Simon* was decided correctly, and these reasons for doubt lead to the conclusion that the claim of error upon which the Court of Appeals reversed McClain's convictions did not have clear and strong merit under the law. In the first place, the Court of Appeals hung its decision in *Simon* upon *Kim* and the failure of the trial court to conduct an adequate voir dire. The Court of Appeals failed to acknowledge, however, that we previously had clarified that *Kim* "should not be read as imposing upon a trial court the duty and responsibility to independently question a member of the venire when counsel for both parties do not wish to question the person further." *Poole v. State*, 291 Ga. 848, 853-854 (3) (734 SE2d 1) (2012).

Moreover, the Court of Appeals in *Simon* relied principally upon cases in which it was claimed that a trial court erred by *refusing* to strike a prospective juror. We have said that "the trial judge is the only person in a courtroom whose primary concern, indeed primary duty, is to ensure the selection of a fair and impartial jury." *Kim*, 275 Ga. at 178 (citation and punctuation omitted). And for that reason, the Court of Appeals has said that, if a trial court were to err in assessing the impartiality of prospective jurors, it would be better that the trial court "err on the side of caution by dismissing, rather than trying to rehabilitate, biased jurors." *Foster v. State*, 258 Ga. App. 601, 608 (3) (574 SE2d 843) (2002). See also *Ashmid v. State*, 316 Ga. App. 550, 556 (2) (730 SE2d 37) (2012). Consistent with these notions, the appellate courts have routinely affirmed the decisions of trial courts to excuse jurors for cause when — as here — there was a relationship between a juror and a lawyer, party, or witness that led the juror to express some doubt about his impartiality, even if the expression of doubt was equivocal. See, e.g., *Smith v. State*, 298 Ga. 357, 360 (3) (782 SE2d 26) (2016) (trial court did not abuse its discretion when it removed a juror who had approached the courtroom deputy with concerns about his business relationship with the defendant and said that he would try to do his best to put the relationship out of his mind); *Pate v. State*, 315 Ga. App. 205, 208-209 (2) (726 SE2d 691) (2012) (trial court did not abuse its discretion when it excused a juror who claimed impartiality but expressed discomfort because of her acquaintance with a witness and the fact that her son and the defendant had attended the same school); *Haney v. State*, 261 Ga. App. 136, 141 (5) (581 SE2d 626) (2003) (trial court did not abuse its discretion when it excused a juror who said that he would be uncomfortable sitting on the jury because he knew the girlfriend of a defendant); *Mobley v. Wright*, 253 Ga. App. 335, 337 (3) (559 SE2d 78) (2002) ("Having been briefly represented by defense counsel is a legitimate ground for removal of a juror." (Citation omitted)).

Finally, the law was settled at the time of *Simon* that, even if a trial court abused its discretion in striking a prospective juror for cause, "the erroneous allowing of a challenge for cause [ordinarily] affords no ground of complaint if a competent and unbiased jury is finally selected."[4] *Bryant v. State*, 288 Ga. 876, 881 (4) (e) (708 SE2d 362) (2011) (citation and punctuation omitted). See also *Wells v. State*, 261 Ga. 282, 282 (2) (404 SE2d 106) (1991) ("A party to a lawsuit has

---

[4] This general rule would not apply, of course, if a juror were excused for constitutionally intolerable reasons (such as race or gender), but Trim makes no assertion in this case of a constitutionally intolerable basis for the trial court striking the juror in question. See *Perry v. State*, 264 Ga. 524, 525 (2), n. 2 (448 SE2d 444) (1994).

no vested interest in having any particular juror to serve; he is entitled only to a legal and impartial jury." (Citation and punctuation omitted.)). In *Simon*, the Court of Appeals failed to acknowledge this settled principle of law, and nothing in its opinion suggests that the Court of Appeals even considered whether McClain ultimately was denied a "competent and unbiased jury." In any event, Trim has failed to make a showing in this habeas case that he was denied a "competent and unbiased jury." "Because [Trim] has not shown that the 12 jurors who actually were selected to decide his case were incompetent or biased, [any] error [was] not a [proper] basis for reversal." *Humphreys v. State*, 287 Ga. 63, 71 (4) (694 SE2d 316) (2010).

For all these reasons, the soundness of *Simon* is doubtful, and it certainly cannot be said that the claim of error upon which McClain prevailed in *Simon* was sufficiently clear and strong that any reasonably competent attorney would have raised it. We must conclude, therefore, that Trim has failed to show that he was denied the effective assistance of counsel on appeal, and the habeas court was right to deny his petition for a writ of habeas corpus. We affirm the judgment below.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 21, 2016.

*Maryann F. Blend*, for appellant.

*Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General; Shepard, Plunkett, Hamilton & Boudreaux, Daniel W. Hamilton*, for appellee.